EUGENE TARANGUL, Appellant, v. HARMON NATIONAL REAL ESTATE CORPORATION, Respondent.— Judgment dismissing the plaintiff's complaint on the merits after trial before the court without a jury in an action for rescission of an installment contract for the purchase of real property unanimously affirmed, with costs. No opinion. Present — Hagarty, Carswell, Davis, Adel and Close, JJ.

JOSEPHINE TUTUNDGY, Respondent, v. ALEXANDER TUTUNDGY, Appellant.— Order directing issuance of commission to examine four witnesses on open commission and five witnesses on written interrogatories, granting a stay of the trial of the action, and granting the plaintiff $1,750 additional counsel fee, modified by reducing the counsel fee to $1,000 and by allowing the appellant to cross-examine orally the following witnesses: Alexander Halaby, Ibrahim S. Halaby, Antonios Moukaiber, Blanche Chalhoub, and Antoine Nasser. As thus modified, the order is affirmed, without costs. These witnesses are concededly friendly to the plaintiff and hostile to the defendant. He should be permitted to cross-examine them orally. In our opinion the reduced amount will cover the expense entailed. Carswell, Davis, Adel, Taylor and Close, JJ., concur.

HENRY VOLBERG, an Infant, by ANNA VOLBERG, His Guardian ad Litem, DANIEL RYAN, JAMES CUNNINGHAM, JEANETTE RYAN, ANNA VOLBERG, Appellants, v. HEGEMAN FARMS Co., INC., Respondent.— Action to recover for personal injuries and property damage as a consequence of the claimed collision of the defendant's truck with an automobile operated by plaintiff Henry Volberg and carrying plaintiffs Ryan and Cunningham as passengers. Judgment dismissing the complaint at the close of the plaintiffs' case reversed on the law and a new trial granted, costs to abide the event. The evidence adduced on behalf of the plaintiffs presented a jury question with respect to possible conflicting inferences that might be drawn from so much of the evidence as a jury saw fit to credit. A jury might infer that plaintiff Henry Volberg was the sole negligent cause of the accident by reason of his having prematurely cut in front of the defendant's truck, in which event a verdict for the defendant would ensue; or a jury might infer that the defendant was the sole negligent cause of the accident as a consequence of the manner of its operation of the truck following a prudent and proper cutting in of the Plymouth car in front of it, in which event plaintiffs would be entitled to a verdict; or a jury might find that both the defendant and plaintiff Henry Volberg were negligent, in which event the passenger plaintiffs might be entitled to a verdict. In any event, the defendant should have been put to its proof and upon its failure to adduce any, a submission to the jury should have been had to the end that it might determine which inferences are properly to be drawn from the evidence adduced. (Hart v. Hudson River Bridge Co., 80 N. Y. 622.) Hagarty, Carswell, Davis, Johnston and Taylor, JJ., concur.