■ LINDA M. POWER, Respondent, v BOBBY L. HODGE, Defendant, S.M. WILSON-CASSANO, Appellant, and PHILIP I. POWER, as Agent, Servant and Employee of KAMAN CORPORATION, Doing Business as KAMAN INDUSTRIAL TECHNOLOGIES, et al., Respondents. [829 NYS2d 347]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered February 23, 2006 in a personal injury action. The order granted the motion of defendants Philip I. Power, as agent, servant and employee of Kaman Corporation, doing business as Kaman Industrial Technologies, Kaman Corporation, doing business as Kaman Industrial Technologies, and D.L. Peterson Trust for summary judgment dismissing the complaint and cross claims against them and denied the cross motion of defendant S.M. Wilson-Cassano for summary judgment dismissing the complaint against her.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained in an automobile accident. Plaintiff was a passenger in an automobile driven by her husband, defendant Philip I. Power, leased by his employer, defendant Kaman Corporation, doing business as Kaman Industrial Technologies (Kaman), and owned by defendant D.L. Peterson Trust (Trust). That automobile was struck by an automobile driven by defendant Bobby L. Hodge and owned by defendant S.M. Wilson-Cassano. Supreme Court properly granted the motion of Power, Kaman and the Trust seeking summary judgment dismissing the complaint and cross claims against them. Those defendants met their burden of establishing their entitlement to judgment by submitting proof that Power had stopped his automobile in heavy traffic when it was rear-ended by the automobile driven by Hodge, and Wilson-Cassano failed to raise a triable issue of fact whether Power was negligent in the operation of his automobile (*see Mullen v Rigor,* 8 AD3d 104 [2004]; *Betts v Marecki,* 247 AD2d 916 [1998]). The court also properly denied the cross motion of Wilson-Cassano seeking summary judgment dismissing the complaint against her on the ground that Hodge operated her vehicle without her permission. The testimony of Wilson-Cassano that she had entrusted her automobile to Hodge solely for repair work and

"disavowing permission to [Hodge] to operate the vehicle at the time and place of the accident[,] 'although uncontradicted[,] presents a question of credibility and cannot be deemed to rebut as a matter of law the presumption created by [Vehicle and Traffic Law § 388]' " (*Ryder v Cue Car Rental*, 32 AD2d 143, 147 [1969], quoting *Cosimo v Hollenbeck*, 19 AD2d 921, 921 [1963]; *see Ford v Guishard*, 288 AD2d 430 [2001]; *Reyes v Sternberg*, 27 AD2d 828 [1967]). Present—Hurlbutt, J.P., Gorski, Lunn, Peradotto and Green, JJ.