■ CHARLES HOLLOMAN, Also Known as TYRONE GRANT, Appellant, v CITY OF NEW YORK, Defendant, and MAN KONG KWONG, Respondent. (And a Third-Party Action.) [904 NYS2d 79]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated January 8, 2010, which denied his motion for summary judgment on the issue of liability against the defendant Man Kong Kwong.

Ordered that the order is affirmed, with costs.

The plaintiff, an inmate in the custody of the City of New York Department of Correction (hereinafter the DOC), alleges that he was injured in a motor vehicle incident that occurred on August 10, 2004, while he was being transported in a DOC bus. After the DOC bus collided with a minivan operated by the defendant Man Kong Kwong (hereinafter the respondent) on the Brooklyn-Queens Expressway, the two vehicles attempted to pull into the right lane of the expressway. The plaintiff claims to have been injured due to, inter alia, the maneuvering and erratic movements of the driver of the DOC bus as the driver attempted to move the bus into the right lane.

The plaintiff failed to make a prima facie showing of his entitlement to judgment as a matter of law on the issue of liability against the respondent (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The affidavits of the plaintiff and of two other inmates who were passengers in the DOC bus failed to estab-

lish, prima facie, that the negligence of the respondent was the sole cause of the plaintiff's injuries by reason of his erratic movements in front of the DOC bus (*see Volberg v Hegeman Farms Co., Inc.*, 253 App Div 839 [1938]; *see also Edwards v New York City Tr. Auth.*, 37 AD3d 157 [2007]). Further, the unsworn, self-serving statements contained in the incident reports, which the plaintiff submitted in support of his motion, did not constitute evidentiary proof in admissible form (*see Toussaint v Ferrara Bros. Cement Mixer*, 33 AD3d 991, 992 [2006]; *Bates v Yasin*, 13 AD3d 474 [2004]; *Reed v New York City Tr. Auth.*, 299 AD2d 330, 332 [2002]). Even if these reports could be qualified as business records, there is no foundation in the record to support their admissibility (*see* CPLR 4518 [a]). Accordingly, the plaintiff's motion for summary judgment on the issue of liability against the respondent was properly denied. Dillon, J.P., Santucci, Balkin, Belen and Sgroi, JJ., concur.