■ JANE L. MARGOLIS et al., Respondents, v VOLKSWAGEN OF AMERICA, INC., et al., Defendants, and RAYMOND CASE et al., Appellants. (Appeal No. 1.) [908 NYS2d 479]—

Appeals from an order of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered July 13, 2009 in a personal injury action. The order, insofar as appealed from, upon renewal granted the motion of plaintiffs for partial summary judgment on liability with respect to defendants Raymond Case and Ray Case Floors, Inc. and adhered to the court's prior decision denying the cross motions of those defendants for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying those parts of plaintiffs' motion for partial summary judgment on liability against defendants Raymond Case and Ray Case Floors, Inc. and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Jane L. Margolis (plaintiff) when the vehicle she was operating was struck by a van operated by defendant Timothy P. Bosch. The registered owner of the van was defendant Raymond Case, the president and a shareholder of defendant Ray Case Floors, Inc. (RCF), and Bosch was an employee of RCF.

Plaintiffs moved for partial summary judgment on liability against, inter alia, Bosch, Case and RCF, and Case and RCF each cross-moved for summary judgment dismissing the amended complaint and cross claims against them. Supreme Court granted that part of plaintiffs' motion with respect to Bosch but otherwise denied the motion and cross motions. Subsequently, plaintiffs moved and Case and RCF each cross-moved for leave to renew their motion and cross motions, respectively. Supreme Court granted the motion and cross motions insofar as they sought leave to renew and, upon renewal, granted those parts of plaintiffs' motion with respect to Case and RCF and adhered to its decision denying the cross motions of Case and RCF.

Case and RCF contend that the court erred in determining as a matter of law that Bosch was acting within the scope of his employment at the time of the accident and that the court instead should have determined as a matter of law that Bosch was not acting within the scope of his employment and that the

doctrine of respondeat superior does not apply. We conclude on the record before us, however, that there is an issue of fact whether Bosch was acting within the scope of his employment at the time of the accident. The new evidence on which the moving and cross-moving parties relied upon renewal was the deposition testimony of Bosch, who had recently returned from military service. The parties also relied upon the previously submitted deposition testimony and affidavit of Case. The evidence establishes that, on the day of the accident, Bosch was operating the van for RCF business. Bosch finished his work at the client's home and intended to stop at a drugstore to purchase headache medication on his way back to RCF's garage. Bosch testified at his deposition that he took a wrong turn and decided that he would not stop at the drugstore but, rather, would return directly to the RCF garage. The accident occurred as Bosch was returning to the garage. Bosch further testified that, at the time of the accident, he was operating the van without permission. According to Case, there was no official company policy on the use of RCF vans for personal errands, and there were occasions on which he would allow employees to run personal errands with the RCF vans.

Generally, "the issue whether an employee is acting within the scope of his or her employment . . . is one of fact" (*Carlson v Porter* [appeal No. 2], 53 AD3d 1129, 1131 [2008], *lv denied* 11 NY3d 708 [2008]). "Even if there has been a departure from the designated activity, consideration is to be given to the foreseeability of the occurrence arising from the deviation and employer responsibility in this area is broad 'particularly where employee activity may be regarded as *incidental to the furtherance of the employer's interest*' " (*Bazan v Bohne*, 144 AD2d 168, 170 [1988], quoting *Makoske v Lombardy*, 47 AD2d 284, 288 [1975], *affd on op of Kane, J.*, 39 NY2d 773 [1976]; *see Davis v Larhette*, 39 AD3d 693, 694-695 [2007]). We conclude that the trip to the drugstore by Bosch to purchase headache medication, while a departure from his designated activity, may have been foreseeable and could be deemed *"incidental to the furtherance of the employer's interest"* (*Makoske*, 47 AD2d at 288). Furthermore, in cases involving employment-related travel, an employer may be liable in the event that the employment created the "need to be on the particular route on which the accident occurred" (*Cicatello v Sobierajski*, 295 AD2d 974, 975 [2002]). Case and RCF failed to establish as a matter of law that Bosch would have traveled the same route aside from any business purpose and thus failed to establish as a matter of law that they cannot be vicariously liable (*see id.*; *cf. Swierczynski v O'Neill* [appeal No. 2], 41 AD3d 1145 [2007], *lv denied* 9 NY3d

812 [2007]; *Matos v Depalma Enters.*, 160 AD2d 1163, 1164 [1990]).

In addition, "[i]t is well settled that Vehicle and Traffic Law § 388 (1) creates a strong presumption that the driver of a vehicle is operating it with the owner's permission and consent, express or implied, and that presumption continues until rebutted by substantial evidence to the contrary" (*Liberty Mut. Ins. Co. v General Acc. Ins. Co.*, 277 AD2d 981, 981-982 [2000] [internal quotation marks omitted]). For the same reasons that Case and RCF failed to establish as a matter of law that they are not vicariously liable, we likewise conclude that Case and RCF failed to rebut the presumption that Bosch was operating the van with Case's permission (*see Cherry v Tucker*, 5 AD3d 422, 424 [2004]; *cf. Liberty Mut. Ins. Co.*, 277 AD2d at 982; *Leonard v Karlewicz*, 215 AD2d 973, 974-975 [1995]).

We note that Case originally contended on appeal that he established as a matter of law that he was not the owner of the van but, rather, that RCF was the actual owner. Plaintiffs, on the other hand, contended in response that both Case and RCF qualified as owners of the van. Subsequently, however, Case and plaintiffs withdrew their contentions that RCF was the actual owner of the van, and we therefore do not address those contentions.

Finally, we conclude that the court erred, upon renewal, in granting those parts of plaintiffs' motion for partial summary judgment on liability against Case and RCF. We therefore modify the order accordingly. Although it is undisputed that Bosch failed to stop for a red light, plaintiffs failed to establish as a matter of law that plaintiff was free from any negligence. "[A] driver who lawfully enters an intersection with a green light may still be found partially at fault for an accident if he or she fails to use reasonable care to avoid a collision with another vehicle in the intersection" (*Siegel v Sweeney*, 266 AD2d 200, 202 [1999]; *see generally Shea v Judson*, 283 NY 393, 398 [1940]). The record establishes that at least one witness observed the van driven by Bosch approaching the intersection at a high rate of speed and anticipated the crash between plaintiff's vehicle and the van, and we thus conclude that "there is a question of fact whether [plaintiff] could have avoided or otherwise minimized the accident" (*LaForge v All Am. Car Rental* [appeal No. 1], 155 AD2d 873 [1989]; *see Strasburg v Campbell*, 28 AD3d 1131, 1132-1133 [2006]; *Siegel*, 266 AD2d at 201-202). Present—Smith, J.P., Fahey, Sconiers, Pine and Gorski, JJ.