# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**82**
**CA 13-01171**
PRESENT: FAHEY, J.P., LINDLEY, SCONIERS, AND WHALEN, JJ.

---

DAVID R. MARKHAM, CHRISTINE V. MARKHAM AND
JAMES MARKHAM, AS ADMINISTRATOR OF THE ESTATES
OF STEVEN R. MARKHAM AND SANDRA H. MARKHAM,
DECEASED, PLAINTIFFS-RESPONDENTS,

              V                        MEMORANDUM AND ORDER

EDWARD J. SCHMIEDER, BRUCE C. KERSHENSKI,
DEFENDANTS-RESPONDENTS,
NOTHNAGLE DRILLING, INC., DEFENDANT-APPELLANT,
ET AL., DEFENDANT.

---

FLINK SMITH LLC, ALBANY (EDWARD B. FLINK OF COUNSEL), FOR
DEFENDANT-APPELLANT.

BOND, SCHOENECK & KING, PLLC, SYRACUSE (JOHN H. CALLAHAN OF COUNSEL),
FOR PLAINTIFFS-RESPONDENTS.

HISCOCK & BARCLAY, LLP, ROCHESTER (MARK T. WHITFORD, JR., OF COUNSEL),
FOR DEFENDANT-RESPONDENT EDWARD J. SCHMIEDER.

COSTELLO, COONEY & FEARON, PLLC, CAMILLUS (DANIEL R. ROSE OF COUNSEL),
FOR DEFENDANT-RESPONDENT BRUCE C. KERSHENSKI.

---

    Appeal from an order of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered August 30, 2012 in a personal injury action. The order, inter alia, denied the motion of defendant Nothnagle Drilling, Inc. for summary judgment dismissing the complaint and any cross claims against it.

    It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

    Memorandum: Plaintiffs commenced this action seeking damages for personal injuries, loss of consortium and wrongful death resulting from a motor vehicle accident in which a vehicle owned by defendant Nothnagle Drilling, Inc. (NDI) and operated by defendant Edward J. Schmieder (Schmieder), an employee of NDI, struck motorcycles operated by Steven R. Markham (Steven), Sandra H. Markham (Sandra) and plaintiff David R. Markham (David). Steven and Sandra were killed in the accident, and David sustained personal injuries. According to plaintiffs, NDI is vicariously liable for Schmieder's negligence because Schmieder was operating the NDI-owned vehicle with NDI's permission. NDI subsequently moved for summary judgment dismissing

the complaint and any cross claims against it, and Supreme Court denied the motion.  We affirm.

" '[I]t is well settled that Vehicle and Traffic Law § 388 (1) creates a strong presumption that the driver of a vehicle is operating it with the owner's permission and consent, express or implied, and that presumption continues until rebutted by substantial evidence to the contrary' " (*Margolis v Volkswagen of Am., Inc.*, 77 AD3d 1317, 1320; *see Leotta v Plessinger*, 8 NY2d 449, 461, *rearg denied* 9 NY2d 688, *mot to amend remittitur granted* 9 NY2d 686).  As the undisputed owner of the subject vehicle, NDI is presumed to have granted permission to Schmieder to have been operating it at the time of the accident (*see Murdza v Zimmerman*, 99 NY2d 375, 380; *Leotta*, 8 NY2d at 461).  As the movant, it was NDI's obligation to rebut the presumption of permission with substantial evidence (*see Matter of Fiduciary Ins. Co. of Am. [Jackson]*, 99 AD3d 625, 625; *Margolis*, 77 AD3d at 1320; *Power v Hodge*, 37 AD3d 1078, 1078-1079; *Guerrieri v Gray*, 203 AD2d 324, 325), i.e., "evidence which reasonably sustains the proposition that permission was not given or was subject to a restriction . . . with which the operator did not comply" (1A NY PJI3d 1:63 at 85 [2014]; *see Orlando v Pioneer Barber Towel Supply Co.*, 239 NY 342, 345).  "[S]ummary judgment for the owner will not *inexorably* follow whenever the owner and driver disavow consent" but, rather, "whether summary judgment is warranted depends on the strength and plausibility of the disavowals, and whether they leave room for doubts that are best left for the jury" to resolve (*Country-Wide Ins. Co. v National R.R. Passenger Corp.*, 6 NY3d 172, 179).  In other words, "[w]here the disavowals are arguably suspect, as where there is evidence suggesting implausibility, collusion or implied permission, the issue of consent should go to a jury" on the theory that the determination of the weight to be accorded the disavowals lies with the trier of fact (*id.* at 178; *see St. Andrassy v Mooney*, 262 NY 368, 372).

Here, we conclude that NDI failed to meet its initial burden on its motion inasmuch as there is an issue of fact whether the disavowals of permission by Schmieder and NDI's primary owner are "arguably suspect" (*Country-Wide Ins. Co.*, 6 NY3d at 178; *see Marino v City of New York*, 95 AD3d 840, 841; *Power*, 37 AD3d at 1078-1079; *Stewart v Town of Hempstead*, 204 AD2d 431, 431).  Although both Schmieder and NDI's primary owner testified at their depositions that Schmieder was using the subject vehicle for personal travel without the permission of NDI at the time of the accident, the record is unclear whether permission for such personal use was in fact required from NDI's primary owner.  Indeed, the record establishes that any limitations on the use of the subject vehicle were never communicated to Schmieder in writing, and neither Schmieder nor NDI's primary owner testified at their depositions with specificity whether or how any such limitations were verbally communicated to Schmieder.  Moreover, there is no evidence whether or how any rule concerning the use of vehicles for personal travel was communicated to the 8 or 10 other NDI employees who were assigned NDI-owned vehicles prior to the accident.  In addition, Schmieder's access to the subject vehicle was unfettered and, although NDI paid for fuel for the vehicle, it did not require Schmieder to record the vehicle's mileage.  The record also

establishes that Schmieder could not recall NDI's primary owner ever denying permission to any NDI employee to use an NDI-owned vehicle for personal travel, and it further establishes that other NDI employees used their NDI-owned vehicles for personal travel, and that Schmieder had used the subject vehicle for both local and out-of-town personal travel prior to the accident.

Entered:  February 14, 2014                  Frances E. Cafarell
                                             Clerk of the Court