Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered June 2, 2016. The order denied the motion of defendant Darryl Epps for summary judgment dismissing the complaint against him.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she was struck, in a hit and run accident, by a vehicle owned by Darryl Epps (defendant) and allegedly driven by defendant Jenny Scott. Defendant moved for summary judgment dismissing the complaint against him on the ground that Scott operated his vehicle without his permission. We conclude that Supreme Court properly denied the motion inasmuch as defendant failed to meet his initial burden (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). “It is well settled that Vehicle and Traffic Law § 388 (1) creates a strong presumption that the driver of a vehicle is operating it with the owner’s permission and consent, express or implied, and that presumption continues until rebutted by substantial evidence to the contrary” (Liberty Mut. Ins. Co. v General Acc. Ins. Co., 277 AD2d 981, 981-982 [2000] [internal quotation marks omitted]; see Murdza v Zimmerman, 99 NY2d 375, 380 [2003]; Margolis v Volkswagen of Am., Inc., 77 AD3d 1317, 1320 [2010]). “ ‘The uncontradicted testimony of a vehicle owner that the vehicle was operated without his or her permission, does not, by itself, overcome the presumption of permissive use’ ” (Talat v Thompson, 47 AD3d 705, 706 [2008]; see Ellis v Witsell, 114 AD3d 636, 637 [2014]; Power v Hodge, 37 AD3d 1078, 1078-1079 [2007]; Lewis v Caldwell, 236 AD2d 896, 896-897 [1997]). Contrary to defendant’s contention, Scott’s unsworn statement that she was not driving the subject vehicle on the night of the accident and that she did not know him constituted inadmissible proof and could not be considered in support of his motion (see generally Holloman v City of New York, 74 AD3d 750, 751 [2010]; La Frenire v Capital Dist. Transp. Auth., 96 AD2d 664, 665 [1983]).
 

 Present — Whalen, P.J., Smith, Carni, DeJoseph and Curran, JJ.