■ In the Matter of TRAVELERS PROPERTY CASUALTY CORP., Respondent, v SHANIQUA MAXWILL-SINGLETON et al., Respondents, and NEW YORK CENTRAL MUTUAL INSURANCE Co. et al., Appellants. [751 NYS2d 367] —Order, Supreme Court, New York County (Marilyn Dershowitz, Special Referee), entered November 13, 2001, which granted petitioner insurer's application to stay an uninsured motorist arbitration demanded by respondent insured arising out of an accident involving a vehicle owned and insured by respondents-appellants, unanimously affirmed, with costs.

Petitioner insurer claims that the offending vehicle was insured by respondent insurer; the latter claims that the offending vehicle was being operated without respondent owner's

permission, rendering it effectively uninsured. Pursuant to stipulation, the issue of permissive use was referred to a Special Referee to hear and determine. At the hearing, the owner of the offending vehicle asserted that he never gave anyone permission to operate it, but conceded that he left the vehicle parked behind his shop and left his car keys with the assistant manager of his business since they were attached to his shop keys. On the basis of that concession, the Special Referee found that the owner effectively gave his employee control over the vehicle in his absence, and that the owner's testimony therefore failed to rebut the strong presumption of permissive use under Vehicle and Traffic Law § 388 (1) (*see Carter v Travelers Ins. Co.*, 113 AD2d 178). Such a finding was supported by a fair interpretation of the evidence (*see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495). Concur—Williams, P.J., Mazzarelli, Buckley, Friedman and Marlow, JJ.