MOUNT SINAI HOSPITAL, as Assignee of MENDEL ADOLPH, et al., Appellants, v ZURICH AMERICAN INSURANCE COMPANY, Respondent. [790 NYS2d 216]—

In an action to recover no-fault insurance medical payments, the plaintiffs, Mount Sinai Hospital, as assignee of Mendel Adolph, White Plains Hospital Center, as assignee of Shehan Guiragossian, and Wyckoff Heights Medical Center, as assignee of Juan Picardo, appeal from so much of an order of the Supreme Court, Nassau County (Feinman, J.), dated March 31, 2004, as denied their motion for summary judgment on the first and third causes of action in the complaint.

Ordered that the appeal by the plaintiff White Plains Hospital Center, as assignee of Shehan Guiragossian, is dismissed, without costs or disbursements, as that plaintiff is not aggrieved by the order; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment on the third cause of action asserted by Wyckoff Heights Medical Center, as assignee of Juan Picardo, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Mount Sinai Hospital, as assignee of Mendel Adolph (hereinafter Mount Sinai) demonstrated its entitlement to judgment as a matter of law on the first cause of action by establishing that it submitted the requisite documents to recover payment for medical services, but the defendant Zurich American Insurance Company (hereinafter Zurich) neither paid

nor denied the claims (*see New York & Presbyt. Hosp. v Allstate Ins. Co.,* 12 AD3d 579 [2004]; *New York & Presbyt. Hosp. v Progressive Cas. Ins. Co.,* 5 AD3d 568, 570 [2004]). However, an insurer is not required to pay a claim where the policy limits have been exhausted (*see Hospital for Joint Diseases v State Farm Mut. Auto. Ins. Co.,* 8 AD3d 533, 534 [2004]; *New York & Presbyt. Hosp. v Progressive Cas. Ins. Co., supra*). In opposition to Mount Sinai's motion, Zurich demonstrated that there were issues of fact as to whether it exhausted the coverage limits of the policy by other "no-fault" payments and whether such payments were in compliance with 11 NYCRR 65.15 (n). Accordingly, that branch of the motion which was for summary judgment on the first cause of action asserted by Mount Sinai was properly denied.

The plaintiff Wyckoff Heights Medical Center, as assignee of Juan Picardo (hereinafter Wyckoff Heights) established its entitlement to judgment as a matter of law on the third cause of action. Therefore, the Supreme Court erred in denying summary judgment to Wyckoff Heights.

Mount Sinai's remaining contentions are without merit. Schmidt, J.P., Santucci, Crane and Skelos, JJ., concur.