■ CARMEL MURPHY, Appellant, v STEVE CARNESI, Respondent, et al., Defendant. [817 NYS2d 136]—

In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Richmond County (Giacobbe, J.), dated February 14, 2005, which granted the motion of the defendant Steve Carnesi for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint insofar as asserted against Steve Carnesi is reinstated.

Early in the morning of January 21, 2001 the defendant William Gallagher lost control of the Jeep Wagoneer (hereinafter the Wagoneer) he was driving and struck a telephone pole. The two passengers in the Wagoneer, brothers Bernard Murphy and Patrick Murphy, were killed. The three men had spent the previous evening consuming alcohol.

The decedents' mother, as administratrix of their estates, commenced this action against the owner of the vehicle, Steve Carnesi (hereinafter Carnesi, Sr.), and Gallagher to recover damages for conscious pain and suffering and wrongful death. In his answer, Carnesi, Sr., raised as an affirmative defense that Gallagher had operated the Wagoneer without Carnesi, Sr.'s "knowledge, permission, and/or consent."

Discovery was conducted, and the defendants were deposed. The plaintiff subpoenaed Steve Carnesi, Jr., Carnesi, Sr.'s son, for a deposition, but Carnesi, Jr., did not appear, and the Supreme Court found him to be in contempt.

Carnesi, Sr., moved for summary judgment, arguing that he was not vicariously liable under Vehicle and Traffic Law § 388 (1) because he had given no one permission to drive the Wagoneer. In addition to his and Gallagher's deposition testimony, he submitted his own affidavit in support of the motion and also an affidavit of Carnesi, Jr. The Supreme Court granted Carnesi, Sr.'s motion for summary judgment.

We reverse.

Vehicle and Traffic Law § 388 (1) "makes every owner of a vehicle liable for injuries resulting from negligence 'in the use or operation of such vehicle . . . by any person using or operating the same with the permission, express or implied, of such owner' " (*Murdza v Zimmerman*, 99 NY2d 375, 379 [2003], quoting Vehicle and Traffic Law § 388 [1]). Under this statute, there is a presumption that the operator of a vehicle operates it with the owner's permission (*see Murdza v Zimmerman, supra* at 380; *Bernard v Mumuni*, 22 AD3d 186 [2005], *affd on op below* 6 NY3d 881 [2006]; *Sargeant v Village Bindery*, 296 AD2d 395, 396 [2002]). The presumption may be rebutted by substantial evidence that the owner did not give the operator consent (*see Murdza, supra* at 380; *Sargeant, supra*).

As the proponent of the motion for summary judgment, Carnesi, Sr., had the burden of demonstrating his entitlement, prima facie, to judgment as a matter of law (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Thus, to obtain summary judgment on his defense that Gallagher operated the Wagoneer without consent, Carnesi, Sr., was required to come forward with substantial evidence establishing that defense. Although the rule is not absolute or invariable, in most cases uncontradicted disavowals of permission by both the owner of the vehicle and the driver will constitute substantial evidence negating permissive use and entitle the owner to summary judgment (*see Country-Wide Ins. Co. v National R.R. Passenger Corp.*, 6 NY3d 172, 177 [2006]). Carnesi, Sr.'s submission of his own and Gallagher's deposition testimony was sufficient to establish his prima facie entitlement to judgment as a matter of law.

In opposition, however, the plaintiff raised a triable issue of fact (*see Mount Sinai Hosp. v Zurich Am. Ins. Co.*, 15 AD3d 550 [2005]). Where competent evidence is introduced "suggesting implausibility, collusion or implied permission, the issue of consent should go to a jury" (*Country-Wide Ins. Co. v National R.R. Passenger Corp., supra* at 178; *Sargeant v Village Bindery, supra* at 396; *cf. Winnowski v Polito*, 294 NY 159 [1945]; *Matter of Travelers Prop. Cas. Corp. v Maxwill-Singleton*, 300 AD2d 225, 226 [2002]).

Under the peculiar circumstances of this case, where Carnesi, Jr., the linchpin on the issue of implied consent, was sufficiently under the control of Carnesi, Sr., to provide favorable evidence in support of the summary judgment motion, but did not appear for a deposition, the plaintiff has been deprived of relevant evidence solely in the defendants' control on this crucial issue (*cf.* CPLR 3212 [f]). Specifically, various aspects of the role of Carnesi, Jr., in the events of the night of the accident, and Carnesi, Jr.'s interactions with Gallagher, bear directly on the issue. Carnesi, Jr., lived in the home in which the keys to the Wagoneer were kept and in which Gallagher and the decedents drank on the night of the accident. This was the same home in front of which the Wagoneer was parked, and from which Gallagher and the decedents left to go to a bar. Additionally, Carnesi, Jr., not Carnesi, Sr., left Gallagher on the premises that night. Carnesi, Jr., and Carnesi, Sr., admitted that Gallagher had been permitted to operate Carnesi vehicles "from time to time," albeit not off the premises of Carnesi, Jr. Additionally, although Carnesi, Jr. admitted making two sets of keys to the car, in addition to the one his father gave him, he left Gallagher alone in the home where the keys were kept. Although Carnesi, Jr., said in his affidavit that all sets of keys were accounted for, there is no evidence in the record as, for example, from police reports, that the Wagoneer was operated without keys on the night of the accident. Carnesi, Jr.'s affidavit did not address the issue of whether the Wagoneer was entrusted to him, of whether there was any limitation on that entrustment, and of whether, specifically, he had permission to drive it (*see Bernard v Mumuni, supra* at 187-188 [finding issue of fact where owner disavowed that entrustment included permission to drive, but bailee avowed that he received no such limitation], *affd* 6 NY3d 881 [2006]). Under these circumstances, summary judgment should not have been granted without the plaintiff having had an opportunity to question Carnesi, Jr. All of these circumstances coalesce to raise a triable issue of fact as to whether Gallagher had at least implied consent to operate the Wagoneer on the night of the accident (*see Mount Sinai Hosp. v Zurich Am. Ins. Co.*, 15 AD3d 550 [2005]). Crane, J.P., Mastro, Skelos and Dillon, JJ., concur.