■ Asfia Talat et al., Appellants, v Pam Thompson, Defendant, and Ernest D. Holmes et al., Respondents. [850 NYS2d 486]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Harkavy, J.), entered December 14, 2006, which, after a hearing on the issue of permissive use of a motor vehicle pursuant to Vehicle and Traffic Law § 388, granted the motion of the defendants Ernest D. Holmes and Tashana Smith Holmes for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs payable by the respondents, and the respondents' motion for summary judgment dismissing the complaint insofar as asserted against them is denied.

The plaintiff Asfia Talat, a pedestrian, allegedly sustained personal injuries on September 1, 2004 when she was struck by a vehicle owned by the defendant Tashana Smith Holmes and driven by the defendant Pamela Thompson at or near the intersection of Empire Boulevard and Utica Avenue in Brooklyn.

Vehicle and Traffic Law § 388 creates a "strong presumption" (*Matter of State Farm Mut. Auto. Ins. Co. v Ellington,* 27 AD3d 567, 568 [2006]) of permissive use which can only be rebutted with substantial evidence sufficient to show that the driver of the vehicle was not operating the vehicle with the owner's express or implied permission (*see Matter of New York Cent.*

*Mut. Fire Ins. Co. v Dukes,* 14 AD3d 704 [2005]). "The uncontradicted testimony of a vehicle owner that the vehicle was operated without his or her permission, does not, by itself, overcome the presumption of permissive use" (*Matter of State Farm Mut. Auto. Ins. Co. v Ellington,* 27 AD3d 567, 568 [2006]; *see Matter of General Acc. Ins. Co. v Bonefont,* 277 AD2d 379 [2000]).

The presumption of permissive use was not sufficiently rebutted at the hearing before the Judicial Hearing Officer, and therefore her finding that no permission, express or implied, was given by the defendant Tashana Smith Holmes to the defendant Pamela Thompson did not establish the respondents' prima facie entitlement to judgment as a matter of law. Accordingly, the Supreme Court erred in granting their motion for summary judgment dismissing the complaint insofar as asserted against them (*see Litvak v Fabi,* 8 AD3d 631 [2004]).

The appellants' remaining contentions are academic or without merit. Prudenti, P.J., Mastro, Santucci and Lifson, JJ., concur.