SECOND DEPARTMENT, NOVEMBER, 2009

(November 4, 2009)

■ AMEX ASSURANCE COMPANY, as Subrogee of CRAIG A. BERESID and ANOTHER, et al., Respondents, et al., Plaintiff, v DEVIN M. KULKA et al., Appellants. [888 NYS2d 577]—

In a consolidated action, inter alia, to recover insurance benefits allegedly paid to the plaintiff Amex Assurance Company's insureds, the defendants Devin M. Kulka and Jack Kulka appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated August 18, 2008, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, the defendant Harriet Kulka separately appeals, as limited by her brief, from so much of the same order as denied that branch of her motion which was for summary judgment dismissing the complaint insofar as asserted against her, and the defendant New York Institute of Technology separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Devin M. Kulka and Jack Kulka which was for summary judgment dismissing the complaint insofar as asserted against the defendant Jack Kulka and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs appearing separately and filing separate briefs payable by the defendants Harriet Kulka and New York Institute of Technology.

The defendant New York Institute of Technology (hereinafter NYIT) provided the defendant Harriet Kulka (hereinafter Harriet) with a motor vehicle for her use as an employee. It is undisputed that, on May 29, 2004, Harriet and her husband, the defendant Jack Kulka (hereinafter Jack), were out of town.

It is also undisputed that, on that date, the infant defendant Devin M. Kulka (hereinafter Devin), Jack's son and Harriet's stepson, was operating this vehicle when he was involved in a collision. The vehicle he was driving collided with a vehicle owned by the plaintiff Stacy Beresid and operated by the plaintiff Craig A. Beresid (hereinafter together the Beresids), who were insured by the plaintiff Amex Assurance Company (hereinafter Amex). Amex allegedly paid to its insureds damages sustained as a result of this accident.

"Vehicle and Traffic Law § 388 creates a 'strong presumption' (*Matter of State Farm Mut. Auto. Ins. Co. v Ellington,* 27 AD3d 567, 568 [2006]) of permissive use which can only be rebutted with substantial evidence sufficient to show that the driver of the vehicle was not operating the vehicle with the owner's express or implied permission" (*Talat v Thompson,* 47 AD3d 705, 705 [2008]; *see Matter of New York Cent. Mut. Fire Ins. Co. v Dukes,* 14 AD3d 704 [2005]). " 'The uncontradicted testimony of a vehicle owner that the vehicle was operated without his or her permission, does not, by itself, overcome the presumption of permissive use' " (*Talat v Thompson,* 47 AD3d at 706, quoting *Matter of State Farm Mut. Auto. Ins. Co. v Ellington,* 27 AD3d at 568; *see Matter of General Acc. Ins. Co. v Bonefont,* 277 AD2d 379 [2000]). Additionally, " '[i]f the evidence produced to show that no permission has been given has been contradicted or, because of improbability, interest of the witnesses or other weakness, may reasonably be disregarded by the jury, its weight lies with the jury' " (*Country-Wide Ins. Co. v National R.R. Passenger Corp.,* 6 NY3d 172, 177 [2006], quoting *St. Andrassy v Mooney,* 262 NY 368, 372 [1933]).

Under the circumstances presented here, the defendants failed to sufficiently rebut the strong presumption pursuant to Vehicle and Traffic Law § 388 that Devin was operating the vehicle with the permission of the owner, NYIT, and its employee, Harriet (*see Talat v Thompson,* 47 AD3d 705 [2008]; *Cherry v Tucker,* 5 AD3d 422 [2004]). Accordingly, the Supreme Court properly determined that NYIT and Harriet failed to establish their prima facie entitlement to judgment as a matter of law.

Jack, however, was neither the owner of the vehicle, nor the owner's employee to whom the vehicle had been entrusted. Accordingly, the presumption of permissive use by Devin pursuant to Vehicle and Traffic Law § 388 had no application as to him. In the absence of any such presumption, and in the absence of any evidence that Jack entrusted Devin with the vehicle or gave him permission to operate it, Jack and Devin demonstrated Jack's prima facie entitlement to summary judgment dismissing

the complaint insofar as asserted against him. In opposition, Amex and the Beresids failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of Jack and Devin's motion which was for summary judgment dismissing the complaint insofar as asserted against Jack.

Jack and Devin's contention that Amex failed to provide proof of damages is not properly before this Court, as that issue was not addressed in the order appealed from (*see Popular Fin. Servs., LLC v Williams,* 50 AD3d 660, 661 [2008]; *Morris v Queens-Long Is. Med. Group, P.C.,* 43 AD3d 394, 395 [2007]). We note that this contention was the sole basis on which Devin relied in claiming entitlement to summary judgment dismissing the complaint insofar as asserted against him.

In light of our determination, we need not reach the remaining contentions of Amex. Dillon, J.P., Dickerson, Lott and Austin, JJ., concur.