■ ALICE MARINO, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [943 NYS2d 564]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much an order of the Supreme Court, Richmond County (Aliotta, J.), dated December 21, 2010, as granted the cross motion of the defendants City of New York and New York City Department of Environmental Protection for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion of the defendants City of New York and New York City Department of Environmental Protection for summary judgment dismissing the complaint insofar as asserted against them is denied.

The plaintiff allegedly was injured in an automobile accident when she was a passenger in a car (hereinafter the subject vehicle) owned by the defendants City of New York and New York City Department of Environmental Protection (hereinafter together the City). The subject vehicle was being operated on a Saturday by Richard Morales, a City employee. Morales had been authorized by the City to take the subject vehicle home over the weekend. Morales got into an argument with a tow truck driver that escalated into a car chase, resulting in a collision involving the subject vehicle and the tow truck.

The plaintiff commenced this action against, among others,

the City, alleging that Morales was operating the subject vehicle with the City's permission and knowledge and within the scope of his employment. The Supreme Court granted the City's cross motion for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiff appeals.

The Supreme Court properly determined that the City cannot be liable for the plaintiff's injuries under a theory of respondeat superior, since the undisputed evidence shows that Morales was involved in a personal dispute at the time of the accident, and was not acting within the scope of his employment (*see Danner-Cantalino v City of New York*, 85 AD3d 709 [2011]). However, the Supreme Court should not have granted the City's cross motion, since there are issues of fact regarding the plaintiff's separate theory of liability premised upon the City's alleged vicarious liability under Vehicle and Traffic Law § 388.

Vehicle and Traffic Law § 388 creates a strong presumption that the driver of a vehicle is operating it with the owner's consent, which can only be rebutted by substantial evidence demonstrating that the vehicle was not operated with the owner's permission (*see Murdza v Zimmerman*, 99 NY2d 375, 380 [2003]; *Amex Assur. Co. v Kulka*, 67 AD3d 614 [2009]; *Chambers v City of New York*, 309 AD2d 81, 87 [2003]). "The uncontradicted testimony of a vehicle owner that the vehicle was operated without his or her permission, does not, by itself, overcome the presumption of permissive use" (*Amex Assur. Co. v Kulka*, 67 AD3d at 615). The question of consent is ordinarily one for the jury (*see Country-Wide Ins. Co. v National R.R. Passenger Corp.*, 6 NY3d 172, 178 [2006]). Here, the City failed to sufficiently rebut the strong presumption that Morales was operating the subject vehicle with the City's permission. The deposition testimony of Morales's supervisor that Morales had permission to use the subject vehicle only for work-related purposes did not, by itself, overcome the presumption of permissive use (*see Amex Assur. Co. v Kulka*, 67 AD3d at 615; *Talat v Thompson*, 47 AD3d 705 [2008]; *see also Bernard v Mumuni*, 22 AD3d 186, 188 [2005], *affd* 6 NY3d 881 [2006]; *Tabares v Colin Serv. Sys.*, 197 AD2d 571 [1993]). Thus, the City failed to establish its prima facie entitlement to judgment as a matter of law. As a result, we need not consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court should have denied the City's cross motion for summary judgment dismissing the complaint insofar as asserted against it. Skelos, J.P., Dickerson, Eng and Leventhal, JJ., concur. **[Prior Case History: 30 Misc 3d 1207(A), 2010 NY Slip Op 52310(U).]**