In an action to recover damages for personal injuries, the defendant Louis Vlahakis appeals (1) from an order of the Supreme Court, Queens County (Schulman, J.), dated March 11, 2011, which denied his motion for summary judgment dismissing the complaint and, in effect, all cross claims insofar as asserted against him, and (2) as limited by his brief, from so much of an order of the same court (Lane, J.), dated July 18, 2011, as, upon reargument, adhered to the prior determination.
Ordered that the appeal from the order dated March 11, 2011, is dismissed, as that order was superseded by the order dated July 18, 2011, made upon reargument; and it is further,
Ordered that the order dated July 18, 2011, is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the respondents.
On December 24, 2005, a vehicle owned by the defendant Fida Tarar and driven by the defendant Junaid Tarar struck a Lincoln Town Car (hereinafter the Town Car) owned by the defendant Louis Vlahakis (hereinafter the appellant) and driven by nonparty Michael Illescas at the intersection of 36th Avenue and 32nd Street in Astoria, Queens. Junaid Tarar subsequently pleaded guilty to vehicular assault in the second degree and driving while intoxicated. As a result of the collision, several of the occupants of the Town Car were injured. The plaintiff, Jose Vinueza, a passenger in the Town Car, commenced this action to recover damages for personal injuries he allegedly sustained in the accident. The appellant moved for summary judgment dismissing the complaint and, in effect, all cross claims insofar as asserted against him. By order dated March 11, 2011, the Supreme Court denied the motion on the ground that it was untimely because the note of issue was filed on November 20, 2007, and the appellant’s notice of motion was not served until November 24, 2010. Thereafter, the appellant moved for leave to reargue the prior motion. In support of the motion for reargument, the appellant contended that the note of issue had been withdrawn on November 18, 2008. By order dated July 18, 2011, the Supreme Court granted reargument but adhered to its prior determination that the motion for summary judgment was untimely.
In the order dated July 18, 2011, the Supreme Court stated, *743 in response to the appellant’s contention that the note of issue had been withdrawn on November 18, 2008, that the court record reflects that the note of issue had not been vacated until April 25, 2011, while the appellant’s motion for leave to reargue was pending. Under the circumstances of this case, upon reargument, the Supreme Court improperly adhered to its original determination denying the appellant’s motion for summary judgment on the basis that it was untimely (see CPLR 3212 [a]; Williams v Peralta, 37 AD3d 712 [2007]; Farrington v Heidkamp, 26 AD3d 459 [2006]; Johnson v Ladin, 18 AD3d 439 [2005]; Lebreton v New York City Tr. Auth., 267 AD2d 211 [1999]; Bono v Barzallo, 260 AD2d 592 [1999]).
However, upon reargument, the Supreme Court properly denied the appellant’s motion for summary judgment for a different reason. Subject to certain exceptions not applicable here, Vehicle and Traffic Law § 388 (1) “makes every owner of a vehicle liable for injuries resulting from negligence fin the use or operation of such vehicle ... by any person using or operating the same with the permission, express or implied, of such owner’ ” (Murdza v Zimmerman, 99 NY2d 375, 379 [2003], quoting Vehicle and Traffic Law § 388 [1]). Under this statute, there is a presumption that the operator of a vehicle operates it with the owner’s permission (see Murdza v Zimmerman, 99 NY2d 375, 380 [2003]; Bernard v Mumuni, 22 AD3d 186 [2005], affd on op below 6 NY3d 881 [2006]; Murphy v Carnesi, 30 AD3d 570, 571 [2006]; Sargeant v Village Bindery, 296 AD2d 395, 396 [2002]). The presumption may be rebutted by substantial evidence that the owner did not give the operator consent (see Murdza v Zimmerman, 99 NY2d at 380; Murphy v Carnesi, 30 AD3d at 571; Sargeant v Village Bindery, 296 AD2d at 396).
On his motion for summary judgment, the appellant had the burden of demonstrating his prima facie entitlement to judgment as a matter of law (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Thus, to obtain summary judgment on his defense that Illescas operated the Town Car without his consent, the appellant was required to come forward with substantial evidence establishing that defense (see Murphy v Carnesi, 30 AD3d at 571). Although the rule is not absolute or invariable, in most cases uncontradicted disavowals of permission by both the owner of the vehicle and the driver will constitute substantial evidence negating permissive use and entitle the owner to summary judgment (see Country-Wide Ins. Co. v National R.R. Passenger Corp., 6 NY3d 172, 177 [2006]).
Here, the only evidence the appellant submitted on the issue of consent was his own deposition testimony in which he as *744 serted that on the evening prior to the accident, he gave Illescas permission to “test-drive” the Town Car in contemplation of purchasing it, but that he only gave him permission to drive it until 10:00 or 11:00 p.m. “The uncontradicted testimony of a vehicle owner that the vehicle was operated without his or her permission, does not, by itself, overcome the presumption of permissive use” (Amex Assur. Co. v Kulka, 67 AD3d 614, 615 [2009]; see Talat v Thompson, 47 AD3d 705, 706 [2008]; Matter of State Farm Mut. Auto. Ins. Co. v Ellington, 27 AD3d 567, 568 [2006]). Thus, the appellant failed to establish his prima facie entitlement to judgment as a matter of law on the issue of consent.
In addition, the appellant did not establish his prima facie entitlement to judgment as a matter of law on the issue of the drivers’ comparative fault, since he failed to submit evidence demonstrating that the sole proximate cause of the accident was Junaid Tarar’s failure to yield the right-of-way to the Town Car in violation of Vehicle and Traffic Law § 1142 (a) (see Rahaman v Abodeledhman, 64 AD3d 552 [2009]; Exime v Williams, 45 AD3d 633 [2007]; Romano v 202 Corp., 305 AD2d 576 [2003]; Cox v Nunez, 23 AD3d 427 [2005]). As a result, we need not consider the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). Dillon, J.E, Dickerson, Austin and Miller, JJ., concur.