In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J), dated January 31, 2012, as granted the motion of the defendant Sherma Witsell for summary judgment dismissing the complaint insofar as asserted against her.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Sherma Witsell for summary judgment dismissing the complaint insofar as asserted against her is denied.
The plaintiff allegedly sustained personal injuries when his vehicle collided with a vehicle owned by the defendant Sherma Witsell and operated by the defendant Raymond McDaniel at a Brooklyn intersection. The plaintiff commenced this action against the defendants, alleging that the plaintiff’s vehicle entered the intersection with the traffic light in his favor when *637 the defendants’ vehicle, which had been traveling on the intersecting road, entered the intersection against a red traffic light and collided with his vehicle. Witsell moved for summary judgment dismissing the complaint insofar as asserted against her, contending, inter alia, that she was not vicariously liable under Vehicle and Traffic Law § 388 (1) because she had given no one permission to drive her vehicle. The Supreme Court granted Witsell’s motion.
Vehicle and Traffic Law § 388 (1) “makes every owner of a vehicle liable for injuries resulting from negligence ‘in the use or operation of such vehicle ... by any person using or operating the same with the permission, express or implied, of such owner’ ” (Murdza v Zimmerman, 99 NY2d 375, 379 [2003], quoting Vehicle and Traffic Law § 388 [1]). Under this statute, there is a presumption that the operator of a vehicle operates it with the owner’s permission (see Murdza v Zimmerman, 99 NY2d at 380; Vinueza v Tarar, 100 AD3d 742, 743 [2012]; Bernard v Mumuni, 22 AD3d 186 [2005], affd 6 NY3d 881 [2006]; Murphy v Carnesi, 30 AD3d 570, 571 [2006]; Sargeant v Village Bindery, 296 AD2d 395, 396 [2002]). The presumption may be rebutted by substantial evidence that the owner did not give the operator consent (see Murdza v Zimmerman, 99 NY2d at 380; Vinueza v Tarar, 100 AD3d at 743; Murphy v Carnesi, 30 AD3d at 571; Sargeant v Village Bindery, 296 AD2d at 396).
Here, Witsell failed to establish her entitlement to judgment as a matter of law. In moving for summary judgment, Witsell submitted her deposition testimony and the deposition testimony of the plaintiff. The plaintiff did not provide any evidence on the issue of permissive use. “The uncontradicted testimony of a vehicle owner that the vehicle was operated without his or her permission, does not, by itself, overcome the presumption of permissive use” (Vinueza v Tarar, 100 AD3d at 744 [internal quotation marks omitted]; Marino v City of New York, 95 AD3d 840, 841 [2012] [internal quotation marks omitted]; see Amex Assur. Co. v Kulka, 67 AD3d 614, 615 [2009]; Talat v Thompson, 47 AD3d 705, 706 [2008]; Matter of State Farm Mut. Auto. Ins. Co. v Ellington, 27 AD3d 567, 568 [2006]). Since Witsell failed to meet her initial burden as the movant, the burden never shifted to the party opposing the motion to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]). Accordingly, the Supreme Court should have denied Witsell’s motion for summary judgment dismissing the complaint insofar as asserted against her. Mastro, J.E, Cohen, Miller and Hinds-Radix, JJ., concur.