■ In the Matter of STATE FARM INSURANCE COMPANY, Appellant, v KATHLEEN WALKER-PINCKNEY, Respondent. ELROY WOODLEY et al., Nonparty Respondents. [986 NYS2d 626]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of a claim for supplementary uninsured/underinsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Westchester County (Colabella, J.H.O.), dated July 23, 2013, which, after a framed issue hearing, denied that branch of the petition which was to stay arbitration, based on its finding that the subject motor vehicle was stolen and being operated without permission at the time of the accident. By decision and order on motion of this Court dated February 10, 2014, the arbitration proceeding was stayed pending hearing and determination of this appeal.

Ordered that the order is reversed, on the law and the facts, with costs, and that branch of the petition which was to stay arbitration on the ground that the subject vehicle was not stolen but was insured on the date of the loss is granted.

Kathleen Walker-Pinckney sustained injuries when the vehicle that she was operating was involved in a collision with a vehicle owned by nonparty Elroy Woodley. It is unknown who was driving Woodley's vehicle. At the time of the accident, Walker-Pinckney's vehicle was insured by the petitioner, State Farm Insurance Company (hereinafter State Farm), and Woodley's vehicle was insured by nonparty Metropolitan Property and Casualty Insurance Company (hereinafter Metropolitan). Met-

ropolitan denied liability coverage on the ground that, at the time of the accident, Woodley's vehicle was being operated by an unknown driver without Woodley's express or implied permission.

Walker-Pinckney sought to arbitrate a claim under her State Farm policy, which included an endorsement for supplementary uninsured/underinsured motorist benefits. State Farm then commenced the instant proceeding to stay the arbitration pursuant to CPLR 7503 on the grounds, inter alia, that Woodley's vehicle was insured by Metropolitan and was being operated with Woodley's permission at the time of the accident. The Supreme Court set the matter down for a framed issue hearing on the issue of permissive use.

Vehicle and Traffic Law § 388 creates a strong presumption that the driver of a vehicle is operating it with the owner's consent, which can only be rebutted by substantial evidence demonstrating that the vehicle was not operated with the owner's permission (*see Murdza v Zimmerman*, 99 NY2d 375, 380 [2003]; *Marino v City of New York*, 95 AD3d 840, 841 [2012]; *Vyrtle Trucking Corp. v Browne*, 93 AD3d 716, 717 [2012]). "The uncontradicted testimony of a vehicle owner that the vehicle was operated without his or her permission, does not, by itself, overcome the presumption of permissive use" (*Marino v City of New York*, 95 AD3d at 841 [citation and internal quotation marks omitted]; *see Talat v Thompson*, 47 AD3d 705, 706 [2008]).

Although evidence that a vehicle was stolen at the time of the accident may overcome the presumption of permissive use (*see Matter of State Farm Mut. Auto. Ins. Co. v Fernandez*, 23 AD3d 480, 481 [2005]), under the particular circumstances present here, the vehicle owner's testimony that the vehicle was missing at the time of the accident, without more, was insufficient to overcome the presumption. Here, the sole witness at the framed issue hearing to testify in connection with the issue of permissive use was Woodley, the owner of the vehicle. Woodley's testimony established that, at some point, he noticed that the vehicle was "missing," that he reported this to police, and that, less than two days later, he ascertained that the vehicle had been towed to an impoundment lot. When Woodley recovered the vehicle, he saw that it had been seriously damaged, and this was the first time he learned that it had been in accident. Woodley testified that he did not know who was driving the vehicle at the time of the accident, and that he did not give anyone permission to drive the vehicle at that time. However, Woodley further testified that both he and his wife had a set of keys to

the vehicle, and that she was the last one to park the vehicle before Woodley noticed that it was "missing." Moreover, when Woodley recovered the vehicle from the impoundment lot, a set of keys were inside the vehicle. The framed issue hearing concluded without any testimony or other evidence as to the identity of driver of the vehicle at the time of the accident. Furthermore, no evidence was presented with respect to whether Woodley's wife was using or operating the vehicle at the time of the accident, or whether she had given a third party permission to use the vehicle at that time. Contrary to the determination of the hearing court, under these circumstances, the evidence adduced at the hearing was not sufficient to overcome the presumption of permissive use (*see Talat v Thompson*, 47 AD3d at 706; *cf. Matter of Fiduciary Ins. Co. of Am. v Morris*, 84 AD3d 802, 802-803 [2011]; *Matter of State Farm Fire & Cas. Co. v Hayes*, 78 AD3d 1063, 1063-1064 [2010]; *Headley v Tessler*, 267 AD2d 428 [1999]; *cf. also Vyrtle Trucking Corp. v Browne*, 93 AD3d at 717; *Tsadok v Veneziano*, 65 AD3d 1130, 1132 [2009]).

Accordingly, the Supreme Court should have granted the petition to permanently stay arbitration of Walker-Pinckney's claim for supplementary uninsured/underinsured motorist benefits. Skelos, J.P., Balkin, Hall and Maltese, JJ., concur.