■ MINUK HAN, Respondent, v BJ LAURA & SON, INC., Appellant, et al., Defendant. [996 NYS2d 132]—

In an action to recover damages for personal injuries, etc., the defendant BJ Laura & Son, Inc., appeals from an order of the Supreme Court, Queens County (Strauss, J.), entered April 26, 2013, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant BJ Laura & Son, Inc., which was for summary judgment dismissing the second cause of action insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff alleges that he was injured in an automobile accident when his vehicle was struck by a vehicle owned by the defendant BJ Laura & Son, Inc. (hereinafter the defendant). The identity of the individual driving the defendant's vehicle is unknown.

The plaintiff commenced this action alleging that the driver of the subject vehicle was operating that vehicle with the defendant's permission and consent, express or implied, and within the scope of his employment. The plaintiff also alleged that the defendant was negligent in securing its vehicles. The defendant moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that the vehicle was being used without its permission and that it properly secured its vehicles. The Supreme Court denied the motion.

Vehicle and Traffic Law § 388 creates a strong presumption that the driver of a vehicle is operating it with the owner's consent, which can only be rebutted by substantial evidence demonstrating that the vehicle was not operated with the owner's express or implied permission (see Murdza v Zimmerman, 99 NY2d 375, 380 [2003]; Matter of State Farm Ins. Co. v Walker-Pinckney, 118 AD3d 712 [2014]; Marino v City of New York, 95 AD3d 840 [2012]). The defendant, on its motion for summary judgment, has the burden of demonstrating its prima facie entitlement to judgment as a matter of law (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Thus, to obtain summary judgment on its defense that the vehicle was used without its permission, the defendant was required to present substantial evidence that the vehicle was used without its permission (see Vinueza v Tarar, 100 AD3d 742, 743 [2012]). "The uncontradicted testimony of a vehicle owner that the vehicle was operated without his or her permission, does not, by

itself, overcome the presumption of permissive use" (*Marino v City of New York*, 95 AD3d at 841 [internal quotation marks omitted]; *see Ellis v Witsell*, 114 AD3d 636 [2014]). The question of consent is ordinarily one for the jury (*see Country-Wide Ins. Co. v National R.R. Passenger Corp.*, 6 NY3d 172, 178 [2006]; *Marino v City of New York*, 95 AD3d at 841). Ultimately, "whether summary judgment is warranted depends on the strength and plausibility of the disavowals [of permission], and whether they leave room for doubts that are best left for the jury" (*Country-Wide Ins. Co. v National R.R. Passenger Corp.*, 6 NY3d at 179).

Here, the defendant failed to sufficiently rebut the strong presumption that the driver was operating the subject vehicle with its permission. The deposition testimony of the defendant and some, but not all, of its employees that the driver only had permission to drive the vehicle for work-related purposes did not, by itself, overcome the presumption of permissive use (*see id.* at 177; *Markham v Schmieder*, 114 AD3d 1251 [2014]; *Murphy v Carnesi*, 30 AD3d 570 [2006]). In addition, the defendant failed to establish that the vehicle was stolen (*cf. Fuentes v Virgil*, 119 AD3d 522 [2014]; *McDonald v Rose*, 37 AD3d 781, 783 [2007]). Thus, the defendant failed to establish its prima facie entitlement to judgment as a matter of law on the cause of action alleging that the defendant was vicariously liable for the driver's negligence under Vehicle and Traffic Law § 388. As a result, we need not consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

However, the defendant established its prima facie entitlement to judgment as a matter of law on the second cause of action alleging that it negligently secured its vehicles because it established that it did not owe a duty to the plaintiff to prevent theft from its premises (*see Epstein v Mediterranean Motors*, 109 AD2d 340 [1985], *affd for reasons stated below* 66 NY2d 1018 [1985]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Niyazov v Bradford*, 13 AD3d 501 [2004]; *Browne v Castillo*, 288 AD2d 415 [2001]).

Accordingly, while the Supreme Court properly denied that branch of the defendant's motion which was to dismiss the cause of action alleging vicarious liability under Vehicle and Traffic Law § 388, it should have granted that branch of the defendant's motion which to dismiss the cause of action alleging negligent securing of its vehicles. Mastro, J.P., Skelos, Maltese and Duffy, JJ., concur.