Allstate Property and Casualty Insurance Company, Petitioner-Appellant, 
against
Northeast Anesthesia and Pain Management a/a/o Thakur Baldeo, Respondent-Respondent.



Petitioner appeals from an order and judgment (one paper) of the Civil Court of the City of New York, New York County (Jennifer G. Schecter, J.), entered on or about January 15, 2015, which denied the petition to vacate an arbitration award in favor of respondent awarding it unpaid no-fault benefits in the principal sum of $3,833.85 and granted respondent's cross-motion to confirm the arbitration award.




Per Curiam.
Order and judgment (one paper) (Jennifer G. Schecter, J.), entered on or about January 15, 2015, reversed, without costs, and matter remanded to Civil Court for a framed issue hearing regarding whether the $50,000 limit of the subject insurance policy was exhausted before petitioner-insurer was obligated to pay respondent's claim.
An arbitrator's award directing payment in excess of the monetary limit of a no-fault insurance policy exceeds the arbitrator's power and constitutes grounds for vacatur of the award (see Matter of Brijmohan v State Farm Ins. Co., 92 NY2d 821, 822-823 [1998]; Countrywide Ins. Co. v Sawh, 272 AD2d 245 [2000]; 11 NYCRR 65-1.1). Moreover, such error "will not be waived if the party relying on it asserts it . . . in opposition to an application for confirmation" [citation omitted] (Matter of Brijmohan v State Farm Ins. Co., 92 NY2d at 822).
Petitioner's submissions in support of its petition to vacate the award and in opposition to the cross motion to confirm - including an attorney's affirmation, the policy declaration page showing the $50,000 policy limit, and a payment ledger listing in chronological order the dates the claims by various providers were received and paid - raised triable issues as to whether the $50,000 policy limit had been exhausted by payments of no-fault benefits to respondent and [*2]other health care providers before petitioner was obligated to pay the claims at issue here (see 11 NYCRR 65-3.15; Mount Sinai Hosp. v Zurich Am. Ins. Co., 15 AD3d 550 [2005]; brief for plaintiff-appellant in Mount Sinai Hosp. v Zurich Am. Ins. Co., supra, available at 2004 WL 3417457, *4 [insurer relied upon "affirmation of its attorney with attachments of alleged payout sheets, bills submitted by providers, and other documents" to show policy limits exhausted]; Allstate Ins. Co. v DeMoura, 30 Misc 3d 145[A], 2011 NY Slip Op 50430[U][App Term, 1st Dept. 2011]). Therefore, we remand the matter to Civil Court for a framed issue hearing on that issue. 
We note that, contrary to respondent's contention, defendant was not precluded by 11 NYCRR 65-3.15 from paying other legitimate claims subsequent to the denial of respondent's claims (see Harmonic Physical Therapy, P.C. v Praetorian Ins. Co., 47 Misc 3d 137[A], 2015 NY Slip Op 50525[U][App Term, 1st Dept. 2015]). Adopting respondent's position, which would require petitioner to delay payment on uncontested claims pending resolution of respondent's disputed claim "runs counter to the no-fault regulatory scheme, which is designed to promote prompt payment of legitimate claims" (Nyack Hosp. v General Motors Acceptance Corp., 8 NY3d 294, 300 [2007]; Harmonic Physical Therapy,
P.C. v Praetorian Ins. Co., 47 Misc 3d 137[A], supra).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concur I concur 
Decision Date: May 31, 2016