■ STATE FARM FIRE & CASUALTY COMPANY, as Subrogee of Helen Indiere, Respondent, v DANIEL SAJEWSKI, SR., Appellant, et al., Defendant. [56 NYS3d 204]—

In a subrogation action to recover insurance benefits paid to the plaintiff's insured, the defendant Daniel Sajewski, Sr., appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated August 6, 2015, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

On May 28, 2012, the defendant Daniel Sajewski, Jr. (hereinafter Daniel), drove a 2003 Mercedes vehicle owned by his father, the defendant Daniel Sajewski, Sr. (hereinafter the appellant), into the residence of Helen Indiere. According to Daniel's deposition testimony, he drove the vehicle through a "picture window" in the living room area of Indiere's house, continued through the back wall of the house, and eventually came into contact with a tree. As a result, Indiere sustained extensive damage to her property.

The plaintiff, Indiere's insurer, allegedly paid Indiere the sum of $180,889.20 pursuant to an existing policy of insurance. Thereafter, the plaintiff, as Indiere's subrogee, commenced this action against the appellant and Daniel seeking to recover the sum of money it had paid Indiere under the policy. The appellant moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that Daniel was operating the vehicle without his permission. The Supreme Court denied the appellant's motion.

Vehicle and Traffic Law § 388 (1) "makes every owner of a vehicle liable for injuries resulting from negligence 'in the use or operation of such vehicle . . . by any person using or operating the same with the permission, express or implied, of such owner' " (*Murdza v Zimmerman*, 99 NY2d 375, 379 [2003], quoting Vehicle and Traffic Law § 388 [1]). Under this statute, there is a presumption that the operator of a vehicle operates it with the owner's permission (*see Murdza v Zimmerman*, 99 NY2d at 380; *Murphy v Carnesi*, 30 AD3d 570, 571 [2006]; *Bernard v Mumuni*, 22 AD3d 186 [2005], *affd* 6 NY3d 881 [2006]). The presumption may be rebutted by substantial evidence that the owner did not give the operator consent (*see Murdza v Zimmerman*, 99 NY2d at 380; *Murphy v Carnesi*, 30 AD3d at 571).

On his motion for summary judgment, the appellant had the

burden of demonstrating his prima facie entitlement to judgment as a matter of law (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Thus, to obtain summary judgment on his defense that Daniel operated the vehicle without his consent, the appellant was required to come forward with substantial evidence establishing that defense (*see Murphy v Carnesi*, 30 AD3d at 571).

"The uncontradicted testimony of a vehicle owner that the vehicle was operated without his or her permission, does not, by itself, overcome the presumption of permissive use" (*Amex Assur. Co. v Kulka*, 67 AD3d 614, 615 [2009] [internal quotation marks omitted]; *see Ellis v Witsell*, 114 AD3d 636, 637 [2014]). Additionally, " '[i]f the evidence produced to show that no permission has been given has been contradicted or, because of improbability, interest of the witnesses or other weakness, may reasonably be disregarded by the jury, its weight lies with the jury' " (*Country-Wide Ins. Co. v National R.R. Passenger Corp.*, 6 NY3d 172, 177 [2006], quoting *St. Andrassy v Mooney*, 262 NY 368, 372 [1933]).

"Although the rule is not absolute or invariable, in most cases uncontradicted disavowals of permission by both the owner of the vehicle and the driver will constitute substantial evidence negating permissive use and entitle the owner to summary judgment" (*Vinueza v Tarar*, 100 AD3d 742, 743 [2012]). However, "disavowals by both the owner and the driver, without more, should not automatically result in summary judgment for the owner" (*Country-Wide Ins. Co. v National R.R. Passenger Corp.*, 6 NY3d at 178). Ultimately, "whether summary judgment is warranted depends on the strength and plausibility of the disavowals [of permission], and whether they leave room for doubts that are best left for the jury" (*id.* at 179).

Under the circumstances of this case, the Supreme Court properly determined that the appellant failed to sufficiently rebut the strong presumption pursuant to Vehicle and Traffic Law § 388 that Daniel was operating the vehicle with his permission (*see Amex Assur. Co. v Kulka*, 67 AD3d at 615; *Matter of Travelers Prop. Cas. Corp. v Maxwill-Singleton*, 300 AD2d 225, 226 [2002]). Daniel had access to the appellant's residence. Further, the key to the vehicle was kept in a "central location" inside a bin located in the kitchen of the appellant's residence. Additionally, on previous occasions, Daniel had been permitted by the appellant to drive other vehicles owned by the appellant. Accordingly, the Supreme Court properly concluded that the appellant failed to establish his prima facie

entitlement to judgment as a matter of law and, as a result, we need not consider the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Eng, P.J., Rivera, Balkin and Barros, JJ., concur.