Rodriguez v Morales (2023 NY Slip Op 03027)

Rodriguez v Morales

2023 NY Slip Op 03027

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2020-07935
 (Index No. 520248/18)

[*1]Frederick Rodriguez, appellant, 
v
Samwel Williams Morales, defendant, Afghan Food and Paper Products, Inc., et al., respondents.

Carro, Carro & Mitchell, LLP, New York, NY (Bartly L. Mitchell of counsel), for appellant.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondents.
Scahill Law Group, P.C., Bethpage, NY (Gerard Ferrara of counsel), for defendant Samwel Williams Morales.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated September 24, 2020. The order granted the motion of the defendants Afghan Food and Paper Products, Inc., and Crown Food & Paper Products, Inc., for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Afghan Food and Paper Products, Inc., and Crown Food & Paper Products, Inc., for summary judgment dismissing the complaint insofar as asserted against them is denied.
In February 2018, the plaintiff was operating a motor vehicle in Brooklyn when that vehicle was involved in an accident with a box truck owned by the defendants Afghan Food and Paper Products, Inc., and Crown Food & Paper Products, Inc. (hereinafter together the Afghan Food defendants), and operated by the defendant Samwel Williams Morales. The plaintiff commenced this action against Morales and the Afghan Food defendants, alleging, among other things, that they were negligent in the ownership and operation of the box truck. After issue was joined, but before discovery was completed, the Afghan Food defendants moved for summary judgment dismissing the complaint insofar as asserted against them, arguing that Morales did not have permission to operate the box truck at the time of the accident. The Supreme Court granted the motion, and the plaintiff appeals.
Vehicle and Traffic Law § 388(1) provides that, with the exception of bona fide commercial lessors of motor vehicles, which are exempt from vicarious liability under federal law (see 49 USC § 30106; Vyrtle Trucking Corp. v Browne, 93 AD3d 716; Castillo v Amjack Leasing Corp., 84 AD3d 1297), the owner of a motor vehicle is liable for the negligence of one who operates the vehicle with the owner's express or implied consent (see Pierrelouis v Kuten, 207 AD3d 485; Piano Exch. v Weber, 168 AD3d 1017, 1018). The statute creates a presumption that the driver was [*2]using the vehicle with the owner's express or implied permission (see Piano Exch. v Weber, 168 AD3d at 1018; see also Murdza v Zimmerman, 99 NY2d 375, 380; Fuentes v Virgil, 119 AD3d 522, 522-523), which may be rebutted only by substantial evidence sufficient to show that the vehicle was not operated with the owner's consent (see Matter of Allstate Ins. Co. v Jae Kan Shim, 185 AD3d 919; Matter of Country-Wide Ins. Co. v Santos, 175 AD3d 1530; Piano Exch. v Weber, 168 AD3d at 1018). Evidence that a vehicle was stolen at the time of the accident will rebut the presumption of permissive use (see Matter of Country-Wide Ins. Co. v Santos, 175 AD3d at 1530; Piano Exch. v Weber, 168 AD3d at 1018; Fuentes v Virgil, 119 AD3d at 522-523). However, the uncontradicted testimony of a vehicle owner or a vehicle owner's employee that a vehicle was operated without the owner's permission does not, by itself, overcome the statutory presumption of permissive use under Vehicle and Traffic Law § 388(1) (see Han v BJ Laura & Son, Inc., 122 AD3d 591, 592-593; Matter of State Farm Ins. Co. v Walker-Pinckney, 118 AD3d 712, 713; Vinueza v Tarar, 100 AD3d 742, 744; Matter of State Farm Mut. Auto. Ins. Co. v Ellington, 27 AD3d 567, 568; Matter of New York Cent. Mut. Fire Ins. Co. v Dukes, 14 AD3d 704). The issue of consent is generally a question for the jury (see Marino v City of New York, 95 AD3d 840, 841). Ultimately, "whether summary judgment is warranted depends on the strength and plausibility of the disavowals [of permission], and whether they leave room for doubts that are best left for the jury" (Country-Wide Ins. Co. v National R.R. Passenger Corp., 6 NY3d 172, 179; see Han v BJ Laura & Son, Inc., 122 AD3d at 592).
Here, the Afghan Food defendants failed to sufficiently rebut the presumption that Morales was operating the box truck with their permission on the date of the accident. The assertion made by the Afghan Food defendants' manager in his deposition testimony and in an affidavit, both of which were submitted in support of the motion, that Morales did not have permission to drive the box truck did not, by itself, overcome the presumption of permissive use under the facts of this case (see Han v BJ Laura & Son, Inc., 122 AD3d at 593). In addition, the Afghan Food defendants failed to demonstrate that the box truck was stolen at the time of the accident (see id.; cf. Fuentes v Virgil, 119 AD3d at 522).
Since the Afghan Food defendants failed to rebut the presumption of permissive use in support of their motion, and failed to demonstrate that their box truck was stolen at the time of the accident, they failed to establish, prima facie, that they could not be vicariously liable to the plaintiff for Morales's alleged negligence in the happening of the accident under Vehicle and Traffic Law § 388. Accordingly, the Supreme Court should have denied the Afghan Food defendants' motion for summary judgment dismissing the complaint insofar as asserted against it, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DUFFY, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court