Mater v Anniversary Corp. (2024 NY Slip Op 04312)

Mater v Anniversary Corp.

2024 NY Slip Op 04312

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LINDA CHRISTOPHER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2023-05364
 (Index No. 516129/21)

[*1]Daoud Mater, respondent, 
v
Anniversary Corp., et al., appellants, et al., defendant.

Nancy L. Isserlis (Zweig Law Firm, P.C., Cedarhurst, NY [Daniel P. Rifkin], of counsel), for appellants.
Budin, Reisman, Kupferberg & Bernstein, LLP, New York, NY (Gregory C. McMahon of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Anniversary Corp. and Awesome Management, Inc., appeal from an order of the Supreme Court, Kings County (Rupert V. Barry, J.), dated March 29, 2023. The order denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
On December 11, 2020, at approximately 12:03 p.m., a vehicle owned by the defendants Anniversary Corp. and Awesome Management, Inc. (hereinafter together the defendants), struck the plaintiff's vehicle at or near the intersection of Manhattan Avenue and West 118th Street in Manhattan. On or about June 22, 2021, the plaintiff commenced this action against the defendants, among others, to recover damages for personal injuries that he allegedly sustained in the collision. In February 2023, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them, contending that, at the time of the accident, their vehicle was stolen and being operated without their permission. In an order dated March 29, 2023, the Supreme Court denied the motion. The defendants appeal.
Vehicle and Traffic Law § 388 creates a "presumption that the operator of a vehicle operates it with the owner's permission" (State Farm Fire & Cas. Co. v Sajewski, 150 AD3d 1297, 1297; see Matter of Country-Wide Ins. Co. v Park, 167 AD3d 735). This presumption may be rebutted by "substantial evidence that the owner did not give the operator consent" to operate the vehicle (State Farm Fire & Cas. Co. v Sajewski, 150 AD3d at 1297; see Fuentes v Virgil, 119 AD3d 522, 523). "Evidence that a vehicle was stolen at the time of the accident will rebut the presumption of permissive use" (Matter of Government Empls. Ins. Co. v Maio, 219 AD3d 1519, 1521 [internal quotation marks omitted]; see Fuentes v Virgil, 119 AD3d at 523). "However, the uncontradicted testimony of a vehicle owner or a vehicle owner's employee that a vehicle was operated without the owner's permission does not, by itself, overcome the statutory presumption of permissive use under Vehicle and Traffic Law § 388(1)" (Rodriguez v Morales, 217 AD3d 695, 696; see Han v BJ Laura & Son, Inc., 122 AD3d 591, 592-593). Ultimately, "whether summary judgment is warranted depends on the strength and plausibility of the disavowals, and whether they leave room for doubts [*2]that are best left for the jury" (Country-Wide Ins. Co. v National R.R. Passenger Corp., 6 NY3d 172, 179; see Rodriguez v Morales, 217 AD3d at 697).
Here, the defendants failed to establish, prima facie, that there was only one permissive user of their vehicle and that their vehicle was stolen at the time of the accident (see Rodriguez v Morales, 217 AD3d at 697; Han v BJ Laura & Son, Inc., 122 AD3d at 593). Since the defendants failed to meet their initial burden as the movants, the Supreme Court properly denied their motion without regard to the sufficiency of the plaintiff's opposition papers.
The defendants' remaining contention is without merit.
LASALLE, P.J., CHRISTOPHER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court