Dombalic v Cornelius (2024 NY Slip Op 05434)

Dombalic v Cornelius

2024 NY Slip Op 05434

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
LARA J. GENOVESI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-01586
 (Index No. 151145/21)

[*1]Bajram Dombalic, et al., respondents,
v
James Cornelius, defendant, Yevgeni Kaniayev, appellant.

Zachary & Zachary, P.C., Staten Island, NY (Deborah C. Zachary of counsel), for appellant.
Decolator, Cohen & DiPrisco, LLP, Garden City, NY (Carolyn M. Canzoneri of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Yevgeni Kaniayev appeals from an order of the Supreme Court, Richmond County (Ronald Castorina, Jr., J.), dated February 3, 2023. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action to recover damages for personal injuries they allegedly sustained when a motor vehicle owned by the defendant Yevgeni Kaniayev and operated by the defendant James Cornelius collided with their marked police vehicle. Kaniayev moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that his vehicle had been stolen. In an order dated February 3, 2023, the Supreme Court denied Kaniayev's motion. Kaniayev appeals.
Vehicle and Traffic Law § 388(1) provides that, with the exception of bona fide commercial lessors of motor vehicles, which are exempt from vicarious liability under federal law (see 49 USC § 30106), the owner of a motor vehicle is liable for the negligence of one who operates the vehicle with the owner's express or implied consent (see Rodriguez v Morales, 217 AD3d 695, 696; Piano Exch. v Weber, 168 AD3d 1017, 1018; Vyrtle Trucking Corp. v Browne, 93 AD3d 716, 717). The statute creates a presumption that the driver was using the vehicle with the owner's express or implied permission (see Murdza v Zimmerman, 99 NY2d 375, 380; Piano Exch. v Weber, 168 AD3d at 1018), which may be rebutted only by substantial evidence sufficient to show that the vehicle was not operated with the owner's consent (see Rodriguez v Morales, 217 AD3d at 696; Matter of Allstate Ins. Co. v Jae Kan Shim, 185 AD3d 919, 920; Piano Exch. v Weber, 168 AD3d at 1018). Evidence that a vehicle was stolen at the time of the accident will rebut the presumption of permissive use (see Rodriguez v Morales, 217 AD3d at 696; Piano Exch. v Weber, 168 AD3d at 1018; Fuentes v Virgil, 119 AD3d 522, 523). "However, the uncontradicted testimony of a vehicle owner or a vehicle owner's employee that a vehicle was operated without the owner's permission does not, by itself, overcome the statutory presumption of permissive use under Vehicle and Traffic [*2]Law § 388(1)" (Rodriguez v Morales, 217 AD3d at 696; see Han v BJ Laura & Son, Inc., 122 AD3d 591, 592-593).
Here, Kaniayev failed to sufficiently rebut the presumption that Cornelius was operating Kaniayev's vehicle with his permission on the date of the accident. Kaniayev's assertion in his affidavit, submitted in support of his motion, that Cornelius was operating Kaniayev's stolen vehicle was alone insufficient to rebut the presumption of permissive use. Further, the documentary evidence provided in support of the motion either was in inadmissible form or failed to adequately demonstrate that the vehicle operated by Cornelius was stolen prior to the accident with the plaintiffs' vehicle (cf. Fuentes v Virgil, 199 AD3d at 523; Vyrtle Trucking Corp. v Browne, 93 AD3d at 717).
Accordingly, the Supreme Court properly denied Kaniayev's motion for summary judgment dismissing the complaint insofar as asserted against him, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Kaniayev's remaining contention need not be reached in light of our determination.
MALTESE, J.P., GENOVESI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court