■ Eddie Caban et al., Respondents-Appellants, v City of New York, Appellant-Respondent. [848 NYS2d 40]—

Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered March 12, 2007, which denied defendant's motion to set aside the jury's award for future lost earnings, and granted plaintiff's cross motion to set aside the jury's verdict for future lost earnings, future lost pension income, and past and future pain and suffering to the extent of and ordering a new trial on future lost earnings and future lost pension income, unanimously affirmed, without costs.

The weight of the evidence, including the testimony of an ironworker union official, a journeyman ironworker familiar with plaintiff's work history, and plaintiff's expert economist, supports the jury's finding, reflected in its award of $1 million for future lost earnings over a 10-year period, that plaintiff would have achieved journeyman status as an ironworker (*see Tassone v Mid-Valley Oil Co.*, 5 AD3d 931, 932 [2004], *lv denied* 3 NY3d 608 [2004]). Defendant's argument that this $1 million award is speculative because, in the absence of testimony from a vocational rehabilitation expert regarding plaintiff's prospects of employment in other fields, plaintiff's economist simply pessimistically assumed that plaintiff would continue in his present employment as a manager at a car rental agency, is unavailing

on this record. Indeed, in the absence of such testimony, on this record, no reason exists to optimistically assume that plaintiff, a college drop-out, would move on to other, more lucrative careers (cf. *Freni v Eastbridge Landing Assoc.*, 309 AD2d 700 [2003] [defendants entitled to have plaintiff submit to examination by a vocational rehabilitation expert even though plaintiff did not intend to call such an expert on his own behalf]). We also reject defendant's argument that the award of $1 million bears no relationship to the evidence. Indeed, as the trial court found, the award is inadequate. No basis exists for the jury's finding that plaintiff had only a 10-year work expectancy, or that he would be able to return to work as a ironworker in 10 years' time. Rather, the evidence shows that plaintiff's work expectancy was at least until he was old enough to receive an ironworker's full pension, and that he was permanently disabled from performing iron work. Furthermore, assuming that plaintiff had only a 10-year work expectancy, in view of the unrebutted testimony that his pension would have vested after five years, he should have been awarded some amount for lost pension benefits. Thus, the $0 awarded for lost pension income was also properly set aside. We have considered defendant's other arguments and find them unavailing.

We reject plaintiff's argument that the $50,000 and $125,000 awards for past and future pain and suffering, respectively, materially deviate from what would be reasonable compensation. The evidence shows that while plaintiff suffered labral tears to both shoulders, he underwent successful arthroscopic surgery, and although unable to return to iron work or participate in the strenuous leisure activities he did before the accident, he is not disabled from working or performing the activities of daily living, other than some difficulties with overhead lifting (cf. *Elias v Linder*, 4 AD3d 136 [2004]). Concur—Tom, J.P., Andrias, Gonzalez and Sweeny, JJ.