■ David Blassberger, Appellant, v Ana Varela, Respondent, et al., Defendant. [11 NYS3d 238]—

In an action, inter alia, to recover damages pursuant to General Municipal Law § 205-e, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Sher, J.), entered December 13, 2013, as granted that branch of the motion of the defendant Ana Varela which was for summary judgment dismissing the complaint insofar as asserted against her, and denied his cross motion for leave to amend the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant Ana Varela which was for summary judgment dismissing the complaint insofar as asserted against her is denied, and the plaintiff's cross motion for leave to amend the complaint is granted.

According to the defendant Ana Varela and her daughter, on the night of the subject incident, Varela gave her daughter permission to operate her vehicle. The daughter picked up the defendant Oscar A. Jacobs and they went to a party together. At some point on their way back home, the daughter exited the vehicle, leaving Jacobs alone in the vehicle with the key in the ignition. Jacobs, who was allegedly intoxicated, then drove off without her. Jacobs was pursued by the plaintiff, a New York State Police Trooper, who was attempting to pull him over after receiving a radio call about a vehicle traveling at a high rate of speed. At some point, Varela's vehicle struck the plaintiff's vehicle, and Jacobs exited the still moving vehicle and fled on foot. As the plaintiff was pursuing Jacobs on foot, he allegedly slipped and fell, sustaining personal injuries.

The plaintiff commenced this action against Varela and Jacobs, alleging that they had violated, inter alia, various provisions of the Vehicle and Traffic Law. Varela moved for summary judgment dismissing the complaint insofar as asserted against her, contending that Jacobs did not have permission to

operate her vehicle. The plaintiff cross-moved for leave to amend the complaint to include an allegation that Varela had violated section 1210 (a) of the Vehicle and Traffic Law.

The Supreme Court should have granted the plaintiff's cross motion for leave to amend the complaint, since there was no showing that the proposed amendment would prejudice or surprise the defendants, and the proposed amendment was not palpably insufficient or patently devoid of merit (*see* CPLR 3025 [b]; *Lucido v Mancuso*, 49 AD3d 220, 222 [2008]).

The Supreme Court should have denied that branch of Varela's motion which was for summary judgment dismissing the complaint insofar as asserted against her. "Vehicle and Traffic Law § 388 creates a strong presumption that the driver of a vehicle is operating it with the owner's consent, which can only be rebutted by substantial evidence demonstrating that the vehicle was not operated with the owner's express or implied permission" (*Han v BJ Laura & Son, Inc.*, 122 AD3d 591, 592 [2014]; *see Murdza v Zimmerman*, 99 NY2d 375, 380 [2003]). " 'The uncontradicted testimony of a vehicle owner that the vehicle was operated without his or her permission, does not, by itself, overcome the presumption of permissive use' " (*Marino v City of New York*, 95 AD3d 840, 841 [2012], quoting *Amex Assur. Co. v Kulka*, 67 AD3d 614, 615 [2009]). The question of consent is ordinarily one for the jury (*see Country-Wide Ins. Co. v National R.R. Passenger Corp.*, 6 NY3d 172, 178 [2006]).

Here, Varela failed to establish her prima facie entitlement to judgment as a matter of law, since she did not present substantial evidence that Jacobs used her vehicle without her permission. The deposition testimony of Varela and her daughter, an interested witness, which raised issues of credibility, was insufficient to overcome the presumption of permissive use (*see Rodriguez v Primack*, 122 AD2d 936, 937 [1986]).

Varela's remaining contentions are not properly before this Court. Rivera, J.P., Hall, Austin and LaSalle, JJ., concur.