Santiago v Boyer (2021 NY Slip Op 02435)





Santiago v Boyer


2021 NY Slip Op 02435


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-07583
2017-07590
 (Index No. 7823/13)

[*1]Adalberto Santiago, respondent-appellant,
v
Terry A. Boyer, appellant-respondent.


Gialleonardo, McDonald & Turchetti (Milber Makris Plousadis & Seiden, LLP, Woodbury, NY [Sarah M. Ziolkowski], of counsel), for appellant-respondent.
Blank & Star, PLLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kenneth J. Gorman], of counsel), for respondent-appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated February 6, 2017, and (2) a judgment of the same court dated June 22, 2017, and the plaintiff cross-appeals from the judgment. The order granted the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the complaint to add a cause of action referring to General Municipal Law § 205-e. The judgment, insofar as appealed from, upon the order dated February 6, 2017, upon a decision of the same court dated February 23, 2017, made after a nonjury trial on the issue of liability, and upon a decision of the same court dated May 19, 2017, made after a nonjury trial on the issue of damages, awarded the plaintiff damages in the principal sums of $1,500,000 for future lost earnings and benefits, $400,000 for past pain and suffering, and $600,000 for future pain and suffering. The judgment, insofar as cross-appealed from, awarded the plaintiff damages in the principal sums of only $1,500,000 for future lost earnings and benefits, $400,000 for past pain and suffering, and $600,000 for future pain and suffering.
ORDERED that the appeal from the order dated February 6, 2017, is dismissed, without costs or disbursements; and it is further,
ORDERED that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The appeal from the order dated February 6, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On December 10, 2012, the plaintiff, a New York City police officer, was responding to a call for assistance from another officer, which he and his partner deemed to be an emergency. The plaintiff activated the lights, sirens, and rumbler (which causes vibrations that would allow drivers to feel approaching police vehicles) on his vehicle and traveled northbound on Rockaway [*2]Parkway in Brooklyn in the left-most lane next to the double yellow line. Several cars moved to the right in order to allow his vehicle to pass, including that of an eyewitness who testified at the trial. However, because the vehicle being driven by the defendant did not move over to the right, the plaintiff crossed the double yellow line of the road, traveling northbound into the oncoming southbound lane. Within seconds, the defendant's car, which had stopped at an intersection, turned left and struck the plaintiff's vehicle on its right passenger side, injuring the plaintiff.
The plaintiff commenced this action against the defendant, alleging that she had negligently caused the collision and violated, inter alia, various provisions of the Vehicle and Traffic Law. Prior to the start of the trial, the plaintiff moved for leave to amend the complaint to add a cause of action referring to General Municipal Law § 205-e, which motion was granted by the Supreme Court. Following a nonjury trial on the issue of liability, the court determined that the plaintiff "was responding to an emergency call and had engaged his lights, siren and rumbler when he was struck by [the defendant]'s vehicle which had failed to move to the right as required by VTL section 1144," and that the defendant "was negligent by failing to give way to an emergency vehicle and was also negligent in attempting to turn left across traffic when it was not safe to do so, thereby violating VTL section 1160." The court also determined that the plaintiff was "entitled to the protections of GML sec. 205-e." Following a separate nonjury trial on the issue of damages, the court issued a judgment awarding the plaintiff, among other things, damages in the principal sums of $1,500,000 for future lost earnings and benefits, $400,000 for past pain and suffering, and $600,000 for future pain and suffering. This appeal and cross appeal ensued.
The Supreme Court properly granted the plaintiff's motion for leave to amend the complaint to add a cause of action referring to General Municipal Law § 205-e, since there was no showing that the proposed amendment would prejudice or surprise the defendant, and the proposed amendment was not palpably insufficient or patently devoid of merit (see CPLR 3025[b]; Blassberger v Varela, 129 AD3d 756, 757). The allegations in that cause of action were supported by the allegations previously pleaded and the information adduced during discovery.
Further, the defendant waived her right to a jury trial when she failed to timely request a jury trial in response to the plaintiff's note of issue which did not request a jury trial (see Lackowitz v City of Yonkers, 29 AD3d 744), and thereafter entered into a stipulation to start the trial on a date certain in the nonjury trial part.
"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds 'warranted by the facts,' bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses" (McGowan v State of New York, 79 AD3d 984, 986, quoting Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499). As pertinent here, Vehicle and Traffic Law § 1104(a) states that the driver of an authorized emergency vehicle, when involved in an emergency operation, may disregard certain traffic regulations. Contrary to the defendant's contentions, the Supreme Court properly found, based upon the trial evidence, that the plaintiff officer was engaged in an emergency operation at the time of the collision (see Criscione v City of New York, 97 NY2d 152, 158). Accordingly, the applicable standard for imposing liability was whether the plaintiff acted in reckless disregard for the safety of others (see Vehicle and Traffic Law § 1104[b][1]; [e]; Saarinen v Kerr, 84 NY2d 494, 501). On this record, there is no evidence that the plaintiff acted with reckless disregard, that is, had "intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow" (Saarinen v Kerr, 84 NY2d at 501 [internal quotation marks omitted]).
The evidence against the defendant was sufficient to establish a violation of Vehicle and Traffic Law § 1144, which mandates, inter alia, that a driver must yield to an oncoming emergency vehicle with activated sirens and lights. It was therefore not error for the Supreme Court to also find the defendant liable under General Municipal Law § 205-e, in light of the defendant's violation of Vehicle and Traffic Law § 1144 (see Cioffi v S.M. Foods, Inc., 178 AD3d 1006, 1011).
Contrary to the contentions of both parties, the damages awards did not deviate [*3]materially from what would be reasonable compensation (see CPLR 5501[c]; Uceta v Sherwood, LLC, 189 AD3d 1114, 1115; Purkiss-Riddle v New York City Tr. Auth., 89 AD3d 1001, 1002; Van Ness v New York City Tr. Auth., 288 AD2d 374, 375-376). The damages award for future lost earnings and benefits was supported by the expert testimony (see Caban v City of New York, 46 AD3d 319). On the record before us, there is no basis to disturb the determinations of the Supreme Court with respect to damages.
The parties' remaining contentions are unpreserved for appellate review or without merit.
DILLON, J.P., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court