Wells Fargo Bank, N.A. v Cherot (2021 NY Slip Op 04779)





Wells Fargo Bank, N.A. v Cherot


2021 NY Slip Op 04779


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-07731
2019-10519
 (Index No. 3560/10)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Nicholas M. Cherot, appellant, et al., defendant.


Clair & Gjertsen, White Plains, NY (Mary Aufrecht of counsel), for appellant.
Hinshaw & Culbertson, LLP, New York, NY (Matthew Ferlazzo of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Nicholas M. Cherot appeals from (1) an order of the Supreme Court, Westchester County (Kathie E. Davidson, J.), entered April 25, 2019, and (2) an order of the same court entered May 24, 2019. The order entered April 25, 2019, insofar as appealed from, after a nonjury trial, granted the plaintiff's motion pursuant to CPLR 4403 to confirm in part and to disaffirm in part a referee's report and denied the cross motion of the defendant Nicholas M. Cherot pursuant to CPLR 4403 to confirm in part and to disaffirm in part the referee's report. The order entered May 24, 2019, granted the same relief and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the appeal from the order entered April 25, 2019, is dismissed, as the portions of the order appealed from were superseded by the order entered May 24, 2019; and it is further,
ORDERED that the order entered May 24, 2019, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In January 2010, the plaintiff commenced this action against the defendant Nicholas M. Cherot (hereinafter the defendant), among others, to foreclose a mortgage encumbering property in White Plains. After the defendant interposed an answer, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion. In an order dated April 11, 2018, the Supreme Court determined that the plaintiff established its prima facie entitlement to judgment as a matter of law by producing copies of the note, mortgage, and evidence of default, as well as sufficient evidence of its standing to commence the action. Nevertheless, the court denied the plaintiff's motion on the ground that it failed to establish that it complied with the notice requirements of RPAPL 1304, and directed the parties to appear for further proceedings. On July 30, 2018, the parties appeared for a trial before a referee on the issue of the plaintiff's compliance with RPAPL 1304.
On December 21, 2018, the referee issued a report finding that, although the plaintiff [*2]established proper mailing of the 90-day notices, it only listed three housing counseling agencies in Westchester County, and therefore failed to comply with RPAPL 1304(2). The plaintiff subsequently moved pursuant to CPLR 4403 to confirm the report in part and to disaffirm in part the report. The defendant opposed the motion and cross-moved to confirm in part and to disaffirm in part the report.
By order entered April 25, 2019, the Supreme Court, among other things, granted the plaintiff's motion and denied the defendant's cross motion. By order entered May 24, 2019, the court granted the same relief and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. The defendant appeals.
CPLR 4403 provides that, "[u]pon the motion of any party . . . , the judge required to decide the issue may confirm or reject, in whole or in part, . . . the report of a referee to report," and "may make new findings with or without taking additional testimony" (HSBC Bank USA, N.A. v Aquaviva, 177 AD3d 713, 715, citing JNG Constr., Ltd. v Roussopoulos, 170 AD3d 1136, 1141). "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Citimortgage, Inc. v Kidd, 148 AD3d 767, 768).
"In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that, in a close case, the trial court had the advantage of seeing and hearing the witnesses" (US Bank N.A. v Cusati, 185 AD3d 870, 872; Countrywide Home Loans, Inc. v Gibson, 157 AD3d 853, 855).
Here, the Supreme Court properly determined that the plaintiff established its strict compliance with RPAPL 1304. "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see CitiMortgage, Inc. v Pappas, 147 AD3d 900, 901; Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 910). Proof of the requisite mailings of the notice of default and the RPAPL 1304 90-day notices may be "'established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (U.S. Bank N.A. v Bochicchio, 179 AD3d 1133, 1136, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20-21; see CitiMortgage, Inc. v Goldberg, 179 AD3d 1006, 1007-1008; Nationstar Mtge., LLC v Tamargo, 177 AD3d 750, 752-753).
At the trial, the plaintiff established its compliance with RPAPL 1304 by submitting, among other things, copies of the 90-day notices and the deposition testimony of Michael Sullivan. Sullivan testified that he was an employee of the law firm that mailed the 90-day notices on behalf of the plaintiff's loan servicer, testified to his firm's standard office mailing procedure, and attested to the mailing of the 90-day notices in accordance with the statute. Contrary to the defendant's contention, the Supreme Court properly allowed Sullivan's deposition testimony into evidence (see CPLR 3117[a][3][ii]).
Contrary to the defendant's further contention, the 90-day notices mailed in this case included a list of at least five housing counseling agencies serving the region where the borrower resided (see RPAPL former 1304[2] [L 2008, ch 472, § 2]).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the plaintiff's motion to confirm in part and disaffirm in part the referee's report.
CHAMBERS, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court