U.S. Bank N.A. v Jean-Charles (2021 NY Slip Op 05884)





U.S. Bank N.A. v Jean-Charles


2021 NY Slip Op 05884


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-08996
 (Index No. 511033/14)

[*1]U.S. Bank National Association, etc., appellant,
v
Jean Franck Jean-Charles, et al., respondents, et al., defendants.


Goodwin Procter LLP, New York, NY (Richard A. Sillett of counsel), for appellant.
Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Wavny Toussaint, J.), dated July 10, 2019. The judgment, upon an order of the same court (Noach Dear, J.) dated June 11, 2018, denying the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants Jean Franck Jean-Charles and Marie Elvie Prevot and to strike those defendants' answer and affirmative defenses, after a nonjury trial, is in favor of the defendants and against the plaintiff dismissing the complaint and directing the cancellation of the notice of pendency.
ORDERED that the judgment is reversed, on the law, with costs, the complaint is reinstated, that branch of the plaintiff's motion which was for summary judgment dismissing the third affirmative defense of the defendants Jean Franck Jean-Charles and Marie Elvie Prevot, alleging lack of standing, is granted, the order dated June 11, 2018, is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for the entry of an amended judgment, inter alia, in favor of the plaintiff and against the defendants, directing the foreclosure sale of the subject property.
In 2014, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendants Jean Franck Jean-Charles and Marie Elvie Prevot (hereinafter together the defendants). Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and to strike their answer and affirmative defenses. The defendants opposed the motion and cross-moved to dismiss the complaint insofar as asserted against them. In an order dated June 11, 2018, the Supreme Court denied the plaintiff's motion and the defendants' cross motion, concluding only that the plaintiff failed to prove compliance with RPAPL 1304 and that the defendants' bare denial of receipt of the RPAPL 1304 notices was insufficient to warrant dismissal.
After a nonjury trial, the Supreme Court determined that the plaintiff failed to establish both standing and compliance with RPAPL 1304. In a judgment dated July 10, 2019, the court, among other things, dismissed the complaint. The plaintiff appeals.
The Supreme Court erred in denying that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' third affirmative defense, alleging lack of standing. In support of its motion for summary judgment, the plaintiff submitted, inter alia, the summons and complaint which had a copy of the note annexed to it. This was sufficient, alone, to establish, prima facie, that the plaintiff had standing to commence the action (see Deutsche Bank Trust Co. Ams. v Marous, 186 AD3d 669, 671; Wells Fargo Bank, N.A. v Davis, 181 AD3d 890, 893; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645), and the defendants failed to raise a triable issue of fact in opposition. Accordingly, we modify the order dated June 11, 2018, to grant that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' third affirmative defense. Moreover, the plaintiff established, prima facie, its compliance with the requirements of RPAPL 1303 (see U.S. Bank N.A. v Ahmed, 174 AD3d 661, 664) and RPAPL 1306 (see HSBC Bank USA, N.A. v Bermudez, 175 AD3d 667, 669-670). In opposition, the defendants failed to raise a triable issue of fact. However, the plaintiff's remaining contentions with regard to its motion for summary judgment are without merit.
"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds 'warranted by the facts,' bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses" (McGowan v State of New York, 79 AD3d 984, 986, quoting Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; see Santiago v Boyer, 193 AD3d 1006, 1008).
The Supreme Court's finding, after the nonjury trial, that the plaintiff failed to establish strict compliance with RPAPL 1304 was not supported by the record. The testifying witness, an employee of Wells Fargo, established, through detailed testimony, that Walz Group was acting as an agent of Wells Fargo, the servicer of the subject mortgage loan, when it created the records of the services it performed on behalf of Wells Fargo. The services included mailing the notices of default required by the mortgage as well as the 90-day notices required by RPAPL 1304 to the defendants. Those records were then made part of Wells Fargo's business records and routinely relied upon by Wells Fargo in the regular course of its business for proof of compliance with RPAPL 1304. These circumstances created the indicia of reliability of a business record (see People v Cratsley, 86 NY2d 81, 91; People v DiSalvo, 284 AD2d 547, 548; Citibank, N.A. v Feustel, 59 Misc 3d 1223[A], 2018 NY Slip Op 50673[U], *2 [Sup Ct, Suffolk County]). Accordingly, we reverse the judgment and remit the matter to the Supreme Court, Kings County, for the entry of an amended judgment, inter alia, in favor of the plaintiff and against the defendants, directing the foreclosure sale of the subject property.
MASTRO, J.P., RIVERA, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court