Bank of N.Y. Mellon v Basta (2022 NY Slip Op 02971)





Bank of N.Y. Mellon v Basta


2022 NY Slip Op 02971


Decided on May 4, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.


2019-07270
2019-07278
 (Index No. 1175/17)

[*1]Bank of New York Mellon, etc., respondent,
v
Antoine Basta, appellant, et al., defendants.


Zeltser Law Group, PLLC, Brooklyn, NY (Naomi Zeltser of counsel), for appellant.
Pincus Law Group, PLLC, Uniondale, NY (Barry M. Weiss of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Antoine Basta appeals from (1) a decision of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated March 7, 2019, and (2) an order of the same court entered March 11, 2019. The order, insofar as appealed from, upon the decision, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer, and for an order of reference, and denied that branch of that defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him based on the plaintiff's failure to comply with RPAPL 1304.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509, 509-510); and it is further,
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Antoine Basta, to strike his answer, and for an order of reference, and substituting therefor provisions denying those branches of the plaintiff's motion; as so modified, the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Antoine Basta.
In February 2017, the plaintiff commenced this action against, among others, the defendant Antoine Basta (hereinafter the defendant) to foreclose a mortgage on certain real property in Freeport. The defendant interposed an answer in which he asserted various affirmative defenses, including, inter alia, that the plaintiff failed to comply with RPAPL 1304. The plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The defendant opposed the motion, and cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him based on the plaintiff's failure to comply with RPAPL 1304. In an order entered March 11, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion and denied that branch of the defendant's cross motion. The defendant appeals.
Pursuant to RPAPL 1304(1) and (2), at least 90 days before the commencement of an action to foreclose a mortgage on a home loan, a specified notice must be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower. "There is no requirement that a plaintiff in a foreclosure action rely on any particular set of business records to establish a prima facie case, so long as the plaintiff satisfies the admissibility requirements of CPLR 4518(a), and the records themselves actually evince the facts for which they are relied upon" (Citigroup v Kopelowitz, 147 AD3d 1014, 1015; see HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 826). Further, in Bank of N.Y. Mellon v Gordon (171 AD3d 197, 209), this Court ruled that business records received from another entity "may be admitted into evidence if the recipient can establish personal knowledge of the maker's business practices and procedures, or establish that the records provided by the maker were incorporated into the recipient's own records and routinely relied upon by the recipient in its own business."
Here, to establish its prima facie compliance with RPAPL 1304, the plaintiff submitted, inter alia, an affidavit of an employee of its current mortgage loan servicer, along with copies of the 90-day notice, which was generated by the plaintiff's prior loan servicer, along with alleged proof of mailing, which was also generated by the prior loan servicer. The affiant averred, in relevant part, that the current mortgage loan servicer is responsible for maintaining the books and records pertaining to the subject mortgage, "including, but not limited to, the account ledgers, and prior servicer's records." However, the affiant did not aver to her familiarity with the prior loan servicer's business practices and procedures, or that the prior loan servicer's records were incorporated into the current loan servicer's records. Thus, the plaintiff's moving affidavit failed to satisfy the admissibility requirements of CPLR 4518(a) (see Bank of N.Y. Mellon v Gordon, 171 AD3d at 209), and the prior loan servicer's records, including the 90-day notice, were not admissible (see CPLR 4518[a]). "Accordingly, the plaintiff failed to demonstrate, prima facie, that it complied with the notice provision of RPAPL 1304" (PennyMac Corp. v Khan, 178 AD3d 1064, 1066), and those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference should have been denied, regardless of the sufficiency of the defendant's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court properly denied that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff failed to strictly comply with RPAPL 1304. The defendant's affidavit submitted in support of the cross motion was insufficient to demonstrate his prima facie entitlement to judgment as a matter of law (see Wells Fargo Bank, N.A. v DeFeo, 200 AD3d 1105, 1106; Nationstar Mtge., LLC v Matles, 185 AD3d 703, 707), and "the defendant did not carry his burden in moving for summary judgment by pointing to the gaps in the plaintiff's proof" (Wells Fargo Bank, N.A. v DeFeo, 200 AD3d at 1106, citing Nationstar Mtge., LLC v Matles, 185 AD3d at 707).
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., RIVERA, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court