U.S. Bank N.A. v Maher (2023 NY Slip Op 04612)

U.S. Bank N.A. v Maher

2023 NY Slip Op 04612

Decided on September 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-07471
 (Index No. 500063/17)

[*1]U.S. Bank National Association, etc., appellant,
v
Jennifer A. Maher, etc., et al., respondents, et al., defendants.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for appellant.
Law Office of James Marsico, PLLC (Joseph E. Ruyack III, Chester, NY, of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Putnam County (Sam D. Walker, J.), dated August 7, 2020. The order denied the plaintiff's motion, in effect, pursuant to CPLR 4403 to reject the report of a referee (Erin Noelle Guven, Ct. Atty. Ref.) dated December 9, 2019, made after a nonjury trial, determining that the plaintiff failed to comply with RPAPL 1304 and recommending that the complaint be dismissed insofar as asserted against the defendants Jennifer A. Maher and Eileen P. Reilly, and confirmed the referee's report.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 4403 to reject so much of the referee's report as determined that the plaintiff failed to comply with RPAPL 1304 with respect to the defendant Jennifer A. Maher and recommended that the complaint be dismissed insofar as asserted against that defendant, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with one bill of costs payable by the defendant Jennifer A. Maher to the plaintiff, and one bill of costs payable by the plaintiff to the defendant Eileen P. Reilly.
On March 24, 2005, the defendants Jennifer A. Maher and Eileen P. Reilly (hereinafter together the defendants) executed a note in the amount of $556,000 in favor of nonparty Wells Fargo Bank, N.A. (hereinafter Wells Fargo). The note was secured by a mortgage on certain real property located in Putnam County. By summons and complaint dated January 20, 2017, the plaintiff, Wells Fargo's successor in interest, commenced this action to foreclose the mortgage against the defendants, among others. In their answer, the defendants asserted various affirmative defenses, including that the plaintiff failed to comply with RPAPL 1304.
A nonjury trial was subsequently held before a court attorney referee on the issue of whether the plaintiff complied with RPAPL 1304. Following the trial, the referee issued a report dated December 9, 2019, determining that the plaintiff failed to establish its compliance with RPAPL 1304 and recommending that the complaint be dismissed insofar as asserted against the defendants. [*2]The plaintiff moved, in effect, pursuant to CPLR 4403 to reject the referee's report. By order dated August 7, 2020, the Supreme Court denied the plaintiff's motion and confirmed the referee's report. The plaintiff appeals.
CPLR 4403 provides that, "[u]pon the motion of any party . . . , the judge required to decide the issue may confirm or reject, in whole or in part, . . . the report of a referee to report" (see Wells Fargo Bank, N.A. v Cherot, 197 AD3d 773, 775; HSBC Bank USA, N.A. v Aquaviva, 177 AD3d 713, 715). "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Citimortgage, Inc. v Kidd, 148 AD3d 767, 768; see Wells Fargo Bank, N.A. v Cherot, 197 AD3d at 775).
"Pursuant to RPAPL 1304(1) and (2), at least 90 days before the commencement of an action to foreclose a mortgage on a home loan, a specified notice must be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower" (Bank of N.Y. Mellon v Basta, 205 AD3d 664, 665). "There is no requirement that a plaintiff in a foreclosure action rely on any particular set of business records to establish a prima facie case, so long as the plaintiff satisfies the admissibility requirements of CPLR 4518(a), and the records themselves actually evince the facts for which they are relied upon" (Citigroup v Kopelowitz, 147 AD3d 1014, 1015; see Bank of N.Y. Mellon v Basta, 205 AD3d at 665). Further, "business records received from another entity 'may be admitted into evidence if the recipient can establish personal knowledge of the maker's business practices and procedures, or establish that the records provided by the maker were incorporated into the recipient's own records and routinely relied upon by the recipient in its own business'" (Bank of N.Y. Mellon v Basta, 205 AD3d at 665-666, quoting Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209).
Here, the Supreme Court's finding, after the nonjury trial, that the plaintiff failed to establish strict compliance with RPAPL 1304 with respect to Maher was not supported by the record. At the trial, the plaintiff presented evidence that a third-party vendor, Walz Group, Inc. (hereinafter Walz), mailed a 90-day notice to Maher through the testimony of a loan verification consultant employed by Wells Fargo, the servicer of the loan. The witness established, through detailed testimony, that Walz was acting as an agent of Wells Fargo when it created the records of the services it performed on behalf of Wells Fargo, which included mailing the 90-day notices to the defendants. The witness testified that those records were made part of Wells Fargo's business records and routinely relied upon by Wells Fargo in the regular course of its business for proof of compliance with RPAPL 1304. "These circumstances created the indicia of reliability of a business record" (U.S. Bank N.A. v Jean-Charles, 198 AD3d 998, 1000).
However, the Supreme Court's determination that the plaintiff failed to establish its compliance with RPAPL 1304 as to Reilly was supported by the record. The plaintiff failed to show that it mailed the RPAPL 1304 notice to Reilly's last known address as required by the statute (see id. § 1304[2]). Contrary to the plaintiff's contention, the fact that Reilly moved from the mortgaged premises several years after taking the loan and no longer occupied the premises as her principal dwelling did not relieve the plaintiff of the obligation to send her an RPAPL 1304 notice prior to commencing this foreclosure action (see Wells Fargo Bank, N.A. v Rodriguez, 210 AD3d 728, 731; Nationstar Mtge., LLC v Jong Sim, 197 AD3d 1178, 1180).
The plaintiff's remaining contention, raised for the first time on appeal, is not properly before this Court.
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court