U.S. Bank N.A. v Winnie Realty Group, LLC (2025 NY Slip Op 02097)

U.S. Bank N.A. v Winnie Realty Group, LLC

2025 NY Slip Op 02097

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2023-04166
 (Index No. 518246/20)

[*1]U.S. Bank National Association, etc., respondent, 
v
Winnie Realty Group, LLC, etc., appellant, et al., defendants. Law Offices of Bruce Richardson, P.C., New York, NY, for appellant.

McMichael Taylor Gray, LLC, Halfmoon, NY (Michael Jablonski of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendant Winnie Realty Group, LLC, appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Lawrence Knipel, J.), dated February 9, 2023. The order and judgment of foreclosure and sale granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the property at issue.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the referee's report is rejected, and the matter is remitted to the Supreme Court, Kings County, for a new report computing the amount due to the plaintiff in accordance herewith, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
In September 2020, the plaintiff commenced this action against, among others, the defendant Winnie Realty Group, LLC (hereinafter the defendant), inter alia, to foreclose a mortgage encumbering certain real property located in Brooklyn (hereinafter the property). The plaintiff subsequently filed an amended complaint, which alleged, among other things, that the defendant defaulted on its obligations under the note and mortgage by failing to make the monthly payments due on February 1, 2020, and thereafter. The plaintiff then moved, inter alia, for summary judgment on the amended complaint insofar as asserted against the defendant, to strike the defendant's answer and affirmative defenses, and to appoint a referee to compute the amount due to the plaintiff. In an order dated April 4, 2022, the Supreme Court, among other things, granted those branches of the plaintiff's unopposed motion. The referee thereafter issued a report containing a determination as to the amount due to the plaintiff. In November 2022, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale dated February 9, 2023, the court granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the property. The defendant appeals.
"CPLR 4403 provides that, '[u]pon the motion of any party . . . , the judge required to decide the issue may confirm or reject, in whole or in part, . . . the report of a referee to report'" [*2](U.S. Bank N.A. v Maher, 219 AD3d 1372, 1374). "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility. The referee's findings and recommendations are advisory only and have no binding effect on the court, which remains the ultimate arbiter of the dispute" (Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d 1308, 1310 [citations and internal quotation marks omitted]; see U.S. Bank N.A. v Maher, 219 AD3d at 1374). A referee's findings should not be deemed substantially supported by the record when those findings are based upon inadmissible evidence (see Wells Fargo Bank, N.A. v Laronga, 219 AD3d 1559, 1560-1561; Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d at 1310-1311). Moreover, "as a general rule, the mere filing of papers received from other entities, even if they are retained in the regular course of business, is insufficient to qualify the documents as business records" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209 [internal quotation marks omitted]). However, "such records may be admitted into evidence if the recipient can establish personal knowledge of the maker's business practices and procedures, or establish that the records provided by the maker were incorporated into the recipient's own records and routinely relied upon by the recipient in its own business" (id.; see Bank of N.Y. Mellon v Basta, 205 AD3d 664, 665-666).
Here, contrary to the plaintiff's contention, it failed to show that the referee's findings were substantially supported by the record. The referee based his findings on an affidavit of an employee of the plaintiff's loan servicer, Velocity Commercial Capital (hereinafter Velocity). In her affidavit, Velocity's employee averred, among other things, that the defendant defaulted on the loan on February 1, 2020. The affidavit also set forth the amount then due and owing on the loan and annexed certain records thereto purportedly evidencing the payment history and the amount due, which included information dating back to 2018. A limited power of attorney annexed to the affidavit, however, permitted Velocity to act on the plaintiff's behalf as of February 20, 2020, the date of execution, establishing that Velocity only began creating business records relating to this loan as of that date. Since Velocity's employee did not attest that the records of any other entity were provided to Velocity and incorporated into its records, that Velocity routinely relied upon such records in its business, or that the affiant had familiarity with the business practices and procedures of any other entity, the plaintiff failed to lay a proper foundation for the records relied upon with respect to the defendant's alleged default and the amount due to the plaintiff (see Bank of N.Y. Mellon v Demasco, 226 AD3d 855, 857-858; Bank of N.Y. Mellon v Basta, 205 AD3d at 666). Therefore, the referee's findings were not substantially supported by the record (see Wells Fargo Bank, N.A. v Laronga, 219 AD3d at 1560-1561; Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d at 1310-1311).
Accordingly, the Supreme Court should have denied the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and the matter must be remitted to the Supreme Court, Kings County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter (see Deutsche Bank Natl. Trust Co. v Geslani, 222 AD3d 835, 838).
In light of our determination, we need not reach the defendant's remaining contention.
DUFFY, J.P., CONNOLLY, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court