Bank of N.Y. Mellon v Robustello (2026 NY Slip Op 00340)

Bank of N.Y. Mellon v Robustello

2026 NY Slip Op 00340

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LILLIAN WAN
PHILLIP HOM, JJ.

2022-03780
 (Index No. 33082/13)

[*1]Bank of New York Mellon, etc., respondent,
vGinger Robustello, appellant, et al., defendants.

Menashe & Associates LLP, Montebello, NY (Chezki Menashe of counsel), for appellant.
Frenkel Lambert Weiss Weisman & Gordon, LLP, Bay Shore, NY (Ruth O'Connor of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ginger Robustello appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated May 13, 2022. The order and judgment of foreclosure and sale, insofar as appealed from, upon a decision of the same court dated April 8, 2019, made after a nonjury trial, and upon an order of the same court (Robert M. Berliner, J.) dated September 18, 2019, inter alia, granting that branch of the plaintiff's motion which was for an order of reference and appointing a referee to compute the amount due to the plaintiff, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for an order of reference is denied, those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale are denied, the complaint is dismissed insofar as asserted against the defendant Ginger Robustello, and the order is modified accordingly.
In June 2013, the plaintiff commenced this action against the defendant Ginger Robustello (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Garnerville.
A nonjury trial was held to determine the issue of compliance with RPAPL 1304, after which, in a decision dated April 8, 2019, the Supreme Court found that the plaintiff had proven by a preponderance of evidence its compliance with RPAPL 1304.
In an order dated September 18, 2019, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for an order of reference and appointed a referee to compute the amount due to the plaintiff.
Thereafter, the plaintiff moved, among other things, to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale dated [*2]May 13, 2022, the Supreme Court, inter alia, granted those branches of the plaintiff's motion, confirmed the referee's report, and directed the sale of the property. The defendant appeals.
"Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Deutsche Bank Natl. Trust Co. v Palomaria, 230 AD3d 1109, 1110; see U.S. Bank N.A. v McQueen, 221 AD3d 1049, 1050). "Pursuant to RPAPL 1304(1) and (2), at least 90 days before the commencement of an action to foreclose a mortgage on a home loan, a specified notice must be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower" (U.S. Bank N.A. v Maher, 219 AD3d 1372, 1374 [internal quotation marks omitted]). "There is no requirement that a plaintiff in a foreclosure action rely on any particular set of business records to establish a prima facie case, so long as the plaintiff satisfies the admissibility requirements of CPLR 4518(a), and the records themselves actually evince the facts for which they are relied upon" (Citigroup v Kopelowitz, 147 AD3d 1014, 1015; see U.S. Bank N.A. v Maher, 219 AD3d at 1374).
Here, the Supreme Court properly found that, at the nonjury trial, the plaintiff's witness provided a foundation for admission into evidence of the prior servicer's records as business records by establishing that such records were "incorporated into the recipient's own records and routinely relied upon by the recipient in its own business" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209; see U.S. Bank N.A. v Maher, 219 AD3d at 1374). However, contrary to the court's conclusion, the records themselves did not "actually evince the facts for which they [were] relied upon" (Citigroup v Kopelowitz, 147 AD3d at 1015).
"A plaintiff can establish strict compliance with RPAPL 1304 by submitting domestic return receipts, proof of a standard office procedure designed to ensure that items are properly addressed and mailed, or an affidavit from someone with personal knowledge that the mailing of the RPAPL 1304 notice actually happened" (Lakeview Loan Servicing, LLC v Swanson, 231 AD3d 801, 805 [internal quotation marks omitted]). Here, although the certified mailing receipt bearing the defendant's signature upon delivery was sufficient to establish the mailing of one notice by certified mail (see HSBC Bank USA, N.A. v Butt, 199 AD3d 662, 664), the label submitted as proof of the regular first-class mailing, with no postage, no address of intended recipient, "no indicia of actual mailing such as postal codes and . . . [no] mailing receipts or tracking information" (Wells Fargo Bank, N.A. v Taylor, 170 AD3d 921, 923), was insufficient to establish that the notice was actually mailed by regular first-class mail (see Pennymac Corp. v Levy, 207 AD3d 735, 737). Since the plaintiff also failed to submit "proof of a standard office procedure designed to ensure that items are properly addressed and mailed," or testimony "from someone with personal knowledge that the mailing of the RPAPL 1304 notice actually happened" (Lakeview Loan Servicing, LLC v Swanson, 231 AD3d at 805 [internal quotation marks omitted]), the plaintiff failed to establish its strict compliance with RPAPL 1304 at the nonjury trial (see id.).
Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for an order of reference and dismissed the complaint insofar as asserted against the defendant (see U.S. Bank N.A. v Kissi, 219 AD3d 1551, 1553).
BARROS, J.P., WARHIT, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court