Wells Fargo Bank, N.A. v Merino

2026 NY Slip Op 02616

April 28, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Wells Fargo Bank, N.A., Respondent,

v

Reyes Merino, Appellant, New York City Environmental Control Board, et al., Defendants.

Decided and Entered: April 28, 2026

Index No. 3654/19|Appeal No. 6483|Case No. 2025-03853|

Before: Webber, J.P., Mendez, Rodriguez, O'Neill Levy, Michael, JJ.

Petroff Amshen LLP, Brooklyn (James Tierney of counsel), for appellant.

Reed Smith LLP, New York (Andrew B. Messite of counsel), for respondent.

[*1]

Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered on or about April 30, 2025, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment against defendant Reyes Merino, unanimously reversed, on the law, without costs, and plaintiff's motion denied.

Plaintiff failed to demonstrate that it had strictly complied with RPAPL 1304 (see U.S. Bank N.A. v Moran, 191 AD3d 451, 452 [1st Dept 2021]; U.S. Bank N.A. v Nahum, 232 AD3d 715, 717 [2d Dept 2024]). Plaintiff submitted an affidavit from one of its vice presidents of loan documentation, who averred that she had personal knowledge of plaintiff's business records and that according to the records she reviewed, the 90-day notice, as well as the notice of default, were served via certified and first-class mail at the property secured by the mortgage. However, the affiant did not attest that she was familiar with the standard office mailing procedures of Covius Services, LLC, the third-party vendor that sent the RPAPL 1303 and 1304 notices on behalf of plaintiff. The affidavit therefore did not establish proof of a standard office mailing procedure designed to ensure that items were properly addressed and mailed (see Nahum, 232 AD3d at 717; CitiMortgage, Inc. v Moran, 167 AD3d 461 [1st Dept 2018]). The affidavit also did not address the nature of plaintiff's relationship with Covius, nor did it address whether Covius's records were incorporated into plaintiff's own records or routinely relied upon in plaintiff's business (Nahum, 232 AD3d at 717). Thus, under the circumstances presented, the tracking numbers on the copies of the 90-day notices did not by themselves suffice to establish proper mailing under RPAPL 1304 (id.).

We reject plaintiff's argument that this action does not involve a "home loan" as defined under RPAPL 1304. Plaintiff failed to provide evidence establishing that defendant never used the property as a primary residence. In any event, even if plaintiff established that defendant was not living at the property when this action was commenced, plaintiff still would not have been relieved of the obligation to serve the RPAPL 1304 notice, as the record, including defendant's affidavit, shows that defendant had previously occupied the property as a primary residence (see U.S. Bank N.A. v Maher, 219 AD3d 1372, 1375 [2d Dept 2023]).

We have considered the remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 28, 2026